693 So.2d 1287 (1997)
Aaron Samuel POPE
v.
YOUNGER BROS., INC.
No. 96 CA 1604.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
*1288 Donna Unkel Grodner, Baton Rouge, and M. LaMarr Clemons, Amite, for Plaintiff-Appellant.
Nicholas Canaday, III, Baton Rouge, for Defendant-Appellee.
Before LOTTINGER, C.J., and SHORTESS and CHIASSON,[1] JJ.
SHORTESS, Judge.
Aaron S. Pope (plaintiff) filed a workers' compensation action in March 1995 against his former employer, Younger Brothers., Inc. (defendant). He alleged he suffered numbness in his arm and leg, vertigo, forgetfulness, skin rash, and pleurisy after being exposed to strong chemical odors on November 11, 1993, while working as a truck-tank cleaner. Defendant answered and moved for summary judgment based on three grounds: (1) failure of plaintiff to show toxic etiology, (2) failure of plaintiff to show a work-related accident that caused his disability; and (3) prescription. After a hearing, the workers' compensation hearing officer found the opinion of plaintiff's treating physician, Dr. Douglas A. Swift, was unclear. The court dismissed the motion as premature but instructed defendant to resubmit it after supplementing and clarifying the doctor's opinion. When defendant resubmitted the motion with an additional report from Swift, the hearing officer granted the motion and dismissed plaintiff's suit. Plaintiff appeals.
The nature of plaintiff's claim has changed throughout this litigation. Initially he complained of problems caused by inhaling chemical fumes on November 11, 1993. Medical records from Lane Memorial Hospital, where he was treated November 16, 1993, indicate he complained of pain in his ribs and right upper quadrant of two weeks duration. An emergency room physician, Dr. Thomas Trahan, diagnosed chest-wall pain. Plaintiff testified in his deposition the chest pain began when he operated the shift-lever mechanism of a truck. He stated Trahan told him he had pleurisy. That problem went away after several months, leaving only slight residual discomfort.
In his deposition plaintiff listed myriad complaints he contends are work-related, including inability to concentrate, forgetfulness, hesitant speech, respiratory problems, vertigo, a "shocky" feeling in his arms, and fatigue. He stated, however, that no doctor had told him these problems were caused by chemical exposure.
Plaintiff was vague as to when he began experiencing these problems. He stated his speech difficulties began in 1991 when a newly-refurbished wash rack overflowed, mixing three chemicals that were not supposed to combine. He also recalled an episode in the early summer of 1992 when he breathed nauseating fumes from residual chemicals in several tanks, which he believed was a "significant, contributory factor to [his] deteriorated health." He also believed an accident in the 1980's may have contributed to his concentration problems. He testified that in that accident, he walked into a piece *1289 of conduit and struck the top center of his head, shattering some of his teeth "a little bit."
Plaintiff's attorney referred him to Swift, a specialist in occupational medicine with Ochsner Medial Center. Swift examined plaintiff and conducted numerous tests. In his initial report, he stated the testing did not support a toxic etiology of plaintiff's problems but found he had a significant element of psychiatric indicators. He recommended a psychiatric evaluation.
Dr. C.B. Scrignar, a psychiatrist, then examined plaintiff. He concluded "there seems to be little doubt that [plaintiff] has undergone a personality change and has suffered from symptoms of depression and pain over the past several years. It seems reasonable to conclude that many of these symptoms are directly related to his employment which consisted of cleaning and washing tank trucks used to convey various chemicals."
Swift reviewed Scrignar's report and then stated his opinion was unchanged: "I agree there is psychiatric dysfunction, but I disagree that this psychiatric dysfunction is as a direct or indirect result of exposure to chemicals on the job."
Plaintiff contends the workers' compensation hearing officer weighed the reports of Swift and Scrignar, found Swift more credible, and rendered summary judgment on that basis. He contends this was impermissible on summary judgment. Defendant contends the hearing officer did not weigh the expert opinions but simply found Scrignar's report did not raise a genuine issue of material fact.
To the extent the hearing officer relied on the opinions stated in Scrignar's report, the hearing officer was wrong. While facts recorded by an expert through personal observation or examination may be admissible for purposes of summary judgment, the opinions or beliefs of the expert, though derived from personal observation or examination and based upon specialized training or experience, are not the type of personal knowledge contemplated by Louisiana Code of Civil Procedure article 967 and may not be used to support summary judgment.[2] Our review of summary judgment, however, is de novo,[3] and thus we may consider defendant's other summary judgment theories that are based on law and competent evidence.
At the time this motion for summary judgment was tried, plaintiff's theory of recovery was that he suffered a psychiatric dysfunction as a result of on-the-job-chemical exposure. In order to prevail in a workers' compensation claim for a psychiatric injury, an employee must prove he suffered a mental injury arising either from mental stress (defined as a "sudden, unexpected, and extraordinary stress related" to plaintiff's employment)[4] or from a specific physical injury.[5] The injury must be disabling and must arise in the course and scope of the claimant's employment.
In Scrignar's opinion, plaintiff has a mental disorder related to his employment. A psychiatrist's opinion is not competent evidence to defeat a motion for summary judgment.[6] Even if it were, neither plaintiff nor Scrignar relates plaintiff's mental disorder to a specific physical injury or to a sudden, extraordinary stress.
Summary judgment, when appropriate under Code of Civil Procedure articles 966 and 967, is available in workers' compensation cases.[7] Summary judgment is now favored under our law.[8] Our workers' compensation law is clear that a work-related mental disorder which is not caused by a physical injury or sudden extraordinary stress is not compensable. Plaintiff has offered no evidence, competent or otherwise, *1290 that relates his mental disorder to either prerequisite to recovery.
Because defendant has shown it is entitled to judgment as a matter of law, the hearing officer correctly granted summary judgment. Thus, we affirm the judgment of the workers' compensation hearing officer dismissing plaintiff's suit. Plaintiff is cast for all costs of appeal.
AFFIRMED.
REMY CHIASSON, J. pro tem., dissents with reasons.
REMY CHIASSON, Judge pro tem., dissenting.
I disagree with the majority's affirming the granting of a summary judgment. The plaintiff has put at issue the existence of physical injury resulting from accidents on certain specified dates, and caused by inhaling chemical fumes. The adjudication of this claim requires expert opinion testimony which the majority correctly points out is not appropriately considered on a motion for summary judgment.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Miceli v. Armstrong World Indus., 96-1134, p. 10 (La.App. 1st Cir. 3/27/97), 691 So.2d 283.
[3] Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991).
[4] La. R.S. 23:1021(7)(b).
[5] La. R.S. 23:1021(7)(c).
[6] See Miceli, 96-1134, p. 10, 691 So.2d 283.
[7] Bridges v. Quality Inn Midtown, 626 So.2d 732, 736 (La.App. 4th Cir.1993).
[8] La. C.C.P. art. 966(A)(2).