KLEES, Judge.
Plaintiff Maxine Bridges (Bridges) appeals from the dismissal of her petition for worker’s compensation on defendant Quality Inn Midtown (Quality Inn)’s motion for summary judgment. The issue for review is whether the trial court erred in granting summary judgment based on unsworn medical reports.
On October 23, 1990, Bridges injured her knee during the course and scope of her employment with Quality Inn. Bridges filed a claim for worker’s compensation against Quality Inn on April 24, 1991. Quality Inn filed a motion for summary judgment on November 23,1992, arguing that Bridges had been examined by four physicians, all of whom had released her from their care. Attached to Quality Inn’s motion were medical reports and letters which revealed the following:
Dr. Robert L. Múñeles examined Bridges on February 5, 1991. In a report dated the same day, Dr. Robert L. Mímeles stated, “It is my opinion that this patient could be back at full gainful employment, and she is discharged from my care.”
By letter dated February 26, 1991, the Office of Worker’s Compensation, exercising its authority under La.R.S. 23:1123, appointed Dr. Edmund C. Landry as an independent medical examiner of Bridges. Dr. Landry examined Bridges on April 1,1991. He diagnosed degenerative arthritis in Bridges’ knee. In three separate reports, dated April 1, April 23, and May 6, 1991, Dr. Landry stated that Bridge’s arthritic knee was not a result of her on-the-job accident. In his May 6, 1991 report, Dr. Landry concluded, “I believe that the patient should be able to resume her usual activities including work that she pursued prior to her injury of October 23, 1990.”
Dr. Robert L. Dillenkoffer examined Bridges on April 25, 1991, one day after she filed her claim for worker’s compensation. In a May 1, 1991 report, Dr. Dillenkoffer stated, “[Bridges] stated that all of her symptoms had essentially resolved. Examination showed no findings at this time. I felt she could be discharged having reached maximum medical benefit.”
The hearing on Quality Inn’s motion for summary judgment was held December 18, 1992. Bridge’s objected to the medical reports on grounds that they were not sworn reports, and therefore were not sufficient to support a motion for summary judgment. This objection was overruled. The only showing by Bridges was her own affidavit, executed on the day of the hearing, which stated, in its entirety:
She is the plaintiff herein. She has not received worker’s compensation benefits since approximately May 1991. During that time she has been unable to work due to the problems with her knee that she sustained in the accident at issue herein.
In response to questioning by the trial judge, counsel for Bridges admitted that he did not have any showing that Bridges had tried to do work and was unable to do so.
The trial court rendered judgment from the bench, granting Quality Inn’s motion for summary judgment. A written judgment was signed December 21, 1992, dismissing Bridge’s claim with prejudice. Bridges brought this appeal, arguing that the trial court erred in granting summary judgment (1) based on unsworn medical reports, (2) where a genuine issue remains in dispute, and (3) because summary judgment is inappropriate in worker’s compensation cases. We affirm.
*734 Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Potter v. First Federal Savings & Loan Ass’n of Scotlandville, 615 So.2d 318, 325 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.Civ.P. Art. 966(B). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the fight most favorable to the party opposing the motion. Potter, 615 So.2d at 325; Schroeder, 591 So.2d at 345; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981).
Bridges argues that unsworn and unverified documents are not of sufficient evi-dentiary quality to be given weight in determining whether there is a genuine issue of material fact, citing our decision in Continental Casualty Co. v. McClure, 313 So.2d 260, 262 (La.App. 4th Cir.1975). However, La. R.S. 23:1122 and 1123 of the worker’s compensation statutes provide that medical reports of the type objected to by Bridges constitute prima facie evidence in proceedings on a compensation claim. La.R.S. 23:1122 provides:
* * ⅜ Upon the receipt by either party of such a [medical] report from the other party, the party receiving it, if he disputes the report or any statements therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter. (emphasis added).
La.R.S. 23:1123 provides:
If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter. (emphasis added).
In addition, La.R.S. 23:1317(A) establishes the following evidentiary/procedural standard in worker’s compensation proceedings:
* * * The hearing officer shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The hearing officer shall decide the merits of the controversy as equitably, summarily, and simply as may be. (emphasis added).
There is no question that Dr. Landry was appointed as an independent examiner pursuant to La.R.S. 23:1123. In addition, nothing in the record indicates that Bridges disputed the reports of Drs. Mímeles and Dil-lenkoffer in the manner provided by La.R.S. 23:1122. As such, the medical reports constitute prima facie evidence in all proceedings on this matter. To require that such reports must be accompanied by verifying affidavits when submitted in the context of a motion for summary judgment would circumvent the plain meaning of La.R.S. 23:1122, 1123, and 1317(A).
Bridges additionally argues that the medical reports are inadmissible under rule 2143(1) of the Office of Worker’s Compensation Administration, which provides: “Expert medical or rehabilitation testimony may be admitted by: * * * Reports of any health care provider certified as a true copy in accordance with the Louisiana Revised Statutes 13:3715.1 * * However, section (4) of rule 2143 additionally provides that expert medical testimony may be admitted in “[a]ny *735 other maimer provided by law.” Section (4) resolves any conflict between administrative rule 2143 and the legislative provisions of La.R.S. 23:1122 and 1123. Under the controlling legislation of La.R.S. 23:1122 and 1123, the medical reports constitute prima facie evidence in any proceeding on this matter. The reports were admissible over Bridges objection and were sufficient to show that Bridges can return to work.
When a motion for summary judgment has been made and supported, the party opposing the motion may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. La.C.Civ.P. Art. 967. All properly filed allegations of the party opposing a motion for summary judgment must be taken as true and all doubt resolved in his favor. Schroeder, supra, 591 So.2d at 345.
The only showing by Bridges in opposition to Quality Inn’s motion for summary judgment is her own affidavit, executed on the day of the hearing, in which she stated:
* * * She has not received worker’s compensation benefits since approximately May 1991. During that time she has been unable to work due to the problems with her knee that she sustained in the accident at issue herein.
As the trial court recognized at the hearing on this matter, Bridges’ affidavit does not set forth specific facts contradicting the medical reports. La.R.S. 23:1317(A), quoted supra, provides that “all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself.” Under this language, the self-serving conclusion of Bridges’ affidavit is not competent evidence. As such, the affidavit is insufficient to counter the prima facie evidence of the medical reports.
Bridges cites Tantillo v. Liberty Mutual Ins. Co., 315 So.2d 743 (La.1975), for the proposition that lay evidence must be considered as well as medical evidence in deciding a worker’s compensation case. In Tantillo, the Louisiana Supreme Court stated:
* * * Great weight, almost to the point of exclusion of other evidence, is given to uncontradicted medical evidence which is directed toward a complex scientific question. However, in all cases, it is the judge’s function to determine the weight which is to be accorded the medical testimony as well as the lay testimony. Lay testimony has great probative value in establishing certain facts, such as the existence and location of pain and the actual ability or inability of a claimant to perform certain physical functions or to pursue his regular employment.
Id. at 748-749.
While there is no question that lay testimony must be considered in evaluating a worker’s compensation claim, Bridges’ conelusory affidavit does not constitute such evidence. In Tantillo, supra, the medical reports showed that the plaintiff, a carpenter, had incurred a five to fifteen percent permanent partial disability from an on-the-job accident. Plaintiff and two lay witnesses testified at trial that plaintiff had attempted several carpentry jobs since his accident, but had been discharged from all of them due to his inability to climb and perform other work required of a carpenter. This testimony bore directly on the probative value of the reports of two doctors who concluded that plaintiff could return to work. The Supreme Court noted that one of these reports was based partly on plaintiffs failure to return for a follow up visit, and that the other report concluded that plaintiff could do the “greater portion” of his carpentry work. Weighing the lay testimony against the medical reports, the Supreme Court reversed the decision of the appellate court, and reinstated the trial court’s award of worker’s compensation.
The situation is quite different here, where counsel for Bridges admitted that he did not have any showing that Bridges had tried to do work and was unable to do so. Hearing on this matter was held over nineteen months after Bridges’ worker’s compensation *736 benefits were terminated, yet Bridges’ offered nothing to indicate that she can make the type of showing contemplated by Tantil-lo, supra. In the absence of this or other pertinent showing, there is simply nothing in the record from which to question the prima facie evidence of the medical reports.
Finally, Bridges argues that summary judgment is precluded by the worker’s compensation statutes. In asserting that the worker’s compensation statutes do not provide for a summary judgment procedure, Bridges neglects to mention La.R.S. 23:1317(A), quoted supra, which provides: “[t]he hearing officer shall decide the merits of the controversy as equitably, summarily, and simply as may be.” (emphasis added). In addition to this statutory authority for the use of summary judgment proceedings under appropriate circumstances, Bridges has faded to cite any jurisprudence holding that such proceedings are not permitted in worker’s compensation claims. Furthermore, the record reveals that Bridges did not object to use of a summary judgment proceeding prior to this appeal. No motions were filed in opposition to the use of a summary judgment proceeding, and when the matter came for hearing on December 18, 1992, counsel for Quality Inn stated, “we filed our Motion on November 23rd and we haven’t heard a peep out of [Counsel for Bridgets office until today.” This statement was not contradicted. Under these circumstances, there is no basis for questioning the trial court’s discretion in conducting a summary judgment proceeding.
Quality Inn’s motion for summary judgment has been made and supported. Bridges was provided an opportunity to counter Quality Inn’s showing and failed to do so. Under these circumstances, summary judgment was appropriate.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.