652 So.2d 635 (1995)
Mildred R.W. SMITH
v.
STATE of Louisiana Through the DEPARTMENT OF HEALTH & HOSPITALS.
No. 94 CA 1533.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
Denise A. Vinet, Baton Rouge, for plaintiff-appellee Mildred Smith.
Adrienne L. Dupont, Baton Rouge, for defendant-appellant State of La. Through the Dept. of Health & Hospitals.
*636 Before WATKINS and FOGG, JJ., and TANNER,[1] J. Pro Tem.
WATKINS, Judge.
In this worker's compensation case, the defendant Louisiana Department of Health and Hospitals (Department) appeals a judgment in favor of the claimant Mildred Smith. Finding merit to appellant's argument that Ms. Smith's claim is barred by prescription, we reverse.
At the hearing of this matter, the Department admitted the following facts. Claimant received an on-the-job injury on April 2, 1991, and could not work in her civil service position of Clerk IV for a period of 20 days, during which time the Department paid her temporary total disability benefits. When claimant returned to work part-time on April 22, 1991, the Department discontinued the temporary total disability benefits and began paying her supplemental earnings benefits. Her SEB ceased on June 2, 1991, when she returned to work full time at her pre-injury salary. She worked, allegedly in pain, until May 20, 1993. This suit was filed on August 20, 1993.
After a hearing, the Hearing Officer concluded that claimant was entitled to temporary total disability benefits from May 20, 1993, until a regimen of physical therapy for her lower back problems could be completed and a functional capacity evaluation (FCE) could be performed. The Hearing Officer found that claimant's cervical and left knee conditions were not related to the accident. Although the Department raised the issue of prescription, the Hearing Officer rejected that contention.
We conclude the Hearing Officer erred because Ms. Smith's claim for temporary total disability benefits, as well as for permanent total disability and permanent partial disability benefits, was prescribed pursuant to the applicable statute, LSA-R.S. 23:1209, which provides in pertinent part:
A. In case of personal injury ... all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided by Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) [supplemental earnings benefits] this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
Because Ms. Smith was paid benefits pursuant to LSA-R.S. 23:1221(3) through June 2, 1991, she had one year from that date to file her claim for any type of worker's compensation benefits except supplemental earnings benefits. She is not entitled to the award of temporary total disability benefits made by the hearing officer because her suit filed on August 20, 1993, was untimely on its face pursuant to the provisions of LSA-R.S. 23:1209.
Additionally, Ms. Smith's claim for supplemental earnings benefits is barred by the two-year limitation of LSA-R.S. 25:1221(3)(D)(i), which provides:
The right to supplemental earnings benefits pursuant to this Paragraph ... shall terminate:
. . . . .
(i) As of the end of any two-year period commencing after termination of temporary total disability, unless during such two-year period supplemental earnings benefits have been payable during at least thirteen consecutive weeks; ...
Because Ms. Smith received supplemental earnings benefits from April 22 until June 2, which is less than 13 weeks, her suit should have been filed before April 22, 1993, within two years of the date temporary total disability benefits were discontinued. Supplemental *637 earnings benefits were not payable to Ms. Smith for 13 weeks of the two year period because she worked at full pay from June 2, 1991 until May 20, 1993. Had supplemental earnings benefits been payable for 13 weeks, Ms. Smith could have availed herself of the longer prescriptive period, three years from June 2, 1991, provided in LSA-R.S. 23:1209.
Thus, the Department is correct in urging that Ms. Smith's claim was prescribed, and we cast appellee with all costs of this appeal.
REVERSED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.