733 So.2d 748 (1999)
Timmy O. SEPT
v.
CITY OF BAKER.
No. 98 CA 1190.
Court of Appeal of Louisiana, First Circuit.
May 18, 1999.
Michelle Sorrells, Baton Rouge, Counsel for Plaintiff/Appellant Timmy O. Sept.
Marjorie B. Breaux, Lafayette, Counsel for Defendant/Appellee City of Baker.
Before: FOIL, KUHN, and WEIMER, JJ.
WEIMER, J.
This case is on appeal from a ruling of the workers' compensation judge denying claimant's request for supplemental earnings benefits, permanent partial disability benefits, and vocational rehabilitation. For the reasons that follow, we affirm the ruling that denied recovery of benefits and granted the exception of prescription and motion for summary judgment filed by the employer, City of Baker.

*749 FACTS AND PROCEDURAL HISTORY
The record reflects that Timmie O. Sept[1] worked for the City of Baker as a heavy machine operator. He was injured in the course of his employment on July 18, 1994. His employer began paying temporary total disability benefits at that time until he returned to work on January 3, 1995. Mr. Sept worked continuously from that time. On February 13, 1997, he consulted Dr. Thomas B. Flynn with complaints of pain allegedly continuing since the time of the original accident. On March 20, 1997, Dr. Flynn indicated he felt Mr. Sept was partially and permanently disabled. He restricted lifting to 25 pounds and indicated he should not engage in repetitive bending, stooping, climbing, crawling, or operating heavy equipment. The employer did not have any light duty work. Mr. Sept asked to be paid workers' compensation benefits and was told his claim had prescribed.
On April 11, 1997, he filed what is referred to as a Form 1008 "Disputed Claim for Compensation" seeking supplemental earnings benefits, permanent partial disability and rehabilitation. The employer responded that the claim had prescribed pursuant to LSA-R.S. 23:1221(3)(d)(i) because the employee had not received benefits for more than two years from the time temporary total disability benefits had been last paid and supplemental earnings benefits had not been paid during at least thirteen consecutive weeks.
Claimant then filed a petition seeking supplemental earnings benefits at the temporary total disability rate of $276.64, past due compensation, medical benefits during the period of disability, vocational rehabilitation, penalties of $4,000.00, and attorney fees of $6,500.00. His employer, the City of Baker, filed an answer denying that any benefits were due to claimant and contending that all claims are barred by LSA-R.S. 23:1221(3)(d)(i), 23:1209, and 23:1226 E.
The employer later filed a pleading titled: "Exception of Prescription and Motion for Summary Judgment" based on the contention that the claim had prescribed. The exception/motion for summary judgment came before the workers' compensation judge for hearing on September 26, 1997. The workers' compensation judge granted the exception of prescription as to the permanent partial disability at that time and held the case open to allow the parties to obtain medical affidavits or take the depositions of Dr. Thomas B. Flynn and Dr. John Eric Nyboer to determine the extent of Mr. Sept's disability during the time he received compensation benefits from his employer.
At a hearing on January 16, 1998, the depositions of Drs. Flynn and Nyboer were introduced as Joint Exhibits 1 and 2 respectively. After reviewing the evidence and hearing oral arguments, the defendant's exception of prescription and motion for summary judgment were both granted. A judgment to that effect was signed on January 28, 1998.
The claimant timely filed an appeal on all issues covered by the judgment. In brief appellant alleges the workers' compensation judge was manifestly erroneous in determining that the claim for supplemental earnings benefits prescribed pursuant to LSA-R.S. 23:1221(3)(d)(i).

DISCUSSION
In order to recover workers' compensation benefits, a claimant must prove that a work-related accident occurred. LSA-R.S. 23:1031; Middleton v. International Maintenance, 95-0238, p. 5 (La. App. 1 Cir. 10/6/95), 671 So.2d 420, 423-424, writ denied, 95-2682 (La.1/12/96), 667 So.2d 523. In addition, the claimant must establish the accident caused the injury and the injury caused the disability. Kennedy v. Johnny F. Smith Trucking, *750 94-0618, p. 6 (La.App. 1 Cir. 3/3/95), 652 So.2d 526, 530.
Claiming that he was unable to continue working in the capacity of a heavy equipment operator, Mr. Sept sought supplemental earnings benefits. Under the provisions of LSA-R.S. 23:1221(3)(d)(i), the right to supplemental earnings benefits terminates as of the end of any two-year period commencing after termination of temporary total disability, unless during such two-year period supplemental earnings benefits have been payable during at least thirteen consecutive weeks.
It is undisputed that Mr. Sept sustained a work-related injury on July 18, 1994. It is also undisputed that he received workers' compensation benefits from that date until January 3, 1995, at which time he returned to work full time. According to exhibits filed in evidence, Mr. Sept received weekly benefits for temporary total disability in the amount of $257.87. He now claims that he was able to perform light duty work during that period. Therefore, he claims the payments were actually for supplemental earnings benefits as he could not prove entitlement to temporary total disability benefits due to that ability to perform light duty work. Essentially, he is arguing that the temporary total disability benefits he received should have actually been classified as supplemental earnings benefits. Thus, some two years later, an attempt is being made to reclassify how the benefits were contemporaneously classified so as to avoid prescription.
Dr. Nyboer released Mr. Sept to return to work with no restrictions on December 13, 1994. A certificate to return to work on December 31, 1994, with no limitations was prepared by Dr. Rodolfo M. Manaiac's office on December 30, 1994. None of the doctors who treated Mr. Sept between the date of the accident and his release to return to work indicated whether he was totally or partially disabled during that time.
It is critical to determine the type of benefits Mr. Sept received. If he indeed received temporary total disability benefits, his current claim to receive supplemental earnings benefits is now prescribed because more than two years lapsed since discontinuance of temporary total disability benefits. LSA-R.S. 23:1221(3)(d)(i); Smith v. State Department of Health & Hospitals, 94-1533, p. 3 (La.App. 1 Cir. 3/3/95), 652 So.2d 635, 636.
The procedure before the workers' compensation judge involved an exception of prescription filed within a motion for summary judgment. When a peremptory exception is pleaded prior to trial of the case, evidence may be introduced to support or controvert any objections pleaded when the grounds do not appear from the petition. LSA-C.C.P. art. 931. Thus on the trial of the exception, evidence could be introduced to support the exception. On the other hand, summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and mover is entitled to summary judgment as a matter of law. LSC.C.P. art. 966. For the hearing on the motion for summary judgment, no live testimony is permissible.
Generally, the workers' compensation judge shall not be bound by technical rules of evidence or procedure (other than as specifically provided), but all findings of fact shall be based upon competent evidence. The workers' compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be. LSA-R.S. 23:1317.
The manifest error or clearly wrong standard governs appellate court review of facts in workers' compensation cases. Washington v. Lyon's Specialty Company, 96-0263, p. 6 (La.App. 1 Cir. 11/8/96), 683 So.2d 367, 372, writ denied, 96-2944 (La.1/31/97), 687 So.2d 408. In order to reverse a factual finding of a workers' compensation judge, the appellate *751 court must determine that a reasonable factual basis does not exist in the record to support the finding of the workers' compensation judge, and that the record establishes the finding is clearly wrong or manifestly erroneous. Vargas v. Daniell Battery Manufacturing Company, Inc., 93-1249, p. 8 (La.App. 1 Cir. 5/20/94), 636 So.2d 1194, 1198.
Summary judgment, when appropriate under Articles 966 and 967 of the Louisiana Code of Civil Procedure, is available in workers' compensation cases. See LSA-C.C.P. art. 966 A(2); LSA-R.S. 23:1317 A; Pope v. Younger Bros., Inc., 96-1604 p. 4 (La.App. 1 Cir. 5/9/97), 693 So.2d 1287, 1289; Bridges v. Quality Inn Midtoum, 626 So.2d 732, 736 (La.App. 4 Cir.1993). Appellate courts review summary judgments de novo. Pope v. Younger Bros., Inc., 96-1604 at 4; 693 So.2d at 1289.[2]
Review of the record reveals there was no live testimony at either hearing. Affidavits were submitted by the employer indicating that benefits paid during the period from July 18, 1994, to January 3, 1995, were classified as temporary total disability payments and that Mr. Sept has not been paid compensation since January 3, 1995. Affidavits from Dr. Nyboer and Dr. Manalac indicate the dates that Mr. Sept was cleared to return to work without restrictions were December 13 and 30, respectively. Copies of the checks issued to Mr. Sept for the entire period of disability were attached to an affidavit of Della Hildebrand, the claims examiner in charge of administering Mr. Sept's claim, indicating the payments were for temporary total disability.
Mr. Sept submitted an affidavit indicating that because he would have been able to do light duty work during the period of his disability, the payments he received should not have been classified as temporary total disability. He also submitted copies of the medical records from Dr. Thomas Flynn, Moreau Physical Therapy, Dr. John Nyboer, and Dr. Rodolfo Manalac. The medical reports constitute prima facie evidence in a workers' compensation proceeding, even in a summary judgment context. See LSA-R.S. 23:1122; Bridges v. Quality Inn Midtown, 626 So.2d at 734.
The depositions of Dr. B. Flynn and Dr. Nyboer were introduced into evidence at the hearing on January 16, 1998. The workers' compensation judge considered the depositions of the doctors in making a determination that Mr. Sept received temporary total disability benefits and his claim for supplemental earnings benefits had prescribed.
Review of the deposition of Dr. Flynn indicates he first saw Mr. Sept on August 30, 1994. His exam was essentially normal. Dr. Flynn found no neurological deficit and referred him to Dr. Nyboer. Dr. Flynn felt Mr. Sept needed continued medical care and had no independent recollection of discussing whether or not Mr. Sept could work at that August 30, 1994 examination. He next saw Mr. Sept during February 1997.
The deposition of Dr. Nyboer indicates he first saw Mr. Sept on October 6, 1994. He examined the patient, recommended physical therapy and a follow up in four weeks. His records indicate he did not see him again until December 13, 1994, at which time he released him to work with no restrictions. Dr. Nyboer indicated he had not released him prior to that time because he had not seen him. In response to questions regarding whether Mr. Sept could have done light duty work at that time, the doctor responded:

*752 I did not release him and so really at that time I felt probably he should just attend therapy. Looking back, you can always make changes and assumptions. But at that time I clearly recommended he just do the therapy and planned to see him back in a month. And for some reason he did not get back. I don't know if it was my scheduling or what. He did not get back until December, at which time however, he had responded well and I released him to full back. This is speculative in between that. So basically I didn't release him to any type of work until I saw him in December. I felt probably and I didn't indicate it in my note, but I'm sure at that time I felt he should just attend the therapy.
Included in the medical information available to the workers' compensation judge was the discharge note dated November 7, 1994, prepared by Joseph Moreau, physical therapist. In that summary he indicated that Mr. Sept, "at the time of last treatment, ... admitted he is physically capable of going back to work."
No doctor released Mr. Sept to work and he did not indicate he could work until November 1994, when he advised the physical therapist he could return to work. Nevertheless, he drew temporary total disability benefits until his return to work on January 3, 1995, following his discharge by Dr. Nyboer in December 1994.
We believe the classification of benefits should be resolved in light of the information in the possession of the employer between the date of the accident and the date the employee was released to return to full duty. In other words, evaluation of the classification of benefits a claimant is entitled to receive should be based on what was actually done by the employer, what was actually done by the employee, and what was actually reported by the treating physicians at the time between the date of the accident and the date of the medical release, rather than on a retrospective consideration.
Nothing in the record suggests that the employer's payment of temporary total disability benefits to Mr. Sept was done to defraud or to subsequently deprive him of compensation benefits. At the time the employer paid benefits, the city's classification of those benefits as temporary total disability was supported by the information it had received relative to Mr. Sept's medical status.
Additionally from a review of the record, there can be no question that Mr. Sept, immediately following the accident, was temporarily totally disabled and thus initially entitled to temporary total disability benefits.
We note LSA-R.S. 23:1221(1)(d) provides in part:
An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs.
Based on our review of the record in light of the above cited provision, it was proper to continue to pay Mr. Sept temporary total disability benefits until December 1994, when he was discharged by Dr. Nyboer to return to full time employment. Once an employer begins paying benefits based on temporary total disability, these benefits shall not cease until the conditions set forth in LSA-R.S. 23:1221(1)(d) are met. An ability to return to work is not mentioned in that provision.

CONCLUSION
For the foregoing reasons, the decision of the workers' compensation judge is affirmed. Appellant is cast with costs of this appeal.
AFFIRMED.
NOTES
[1] While the caption of the case and the pleadings refer to the plaintiff as Timmy O. Sept, the record reveals that the plaintiff's name is actually Timmie O. Sept.
[2] The parties have not addressed the propriety of the defendant filing and the workers' compensation judge granting both a motion for summary judgment and an exception of prescription. We note the procedural quagmire that can result because of the different evidentiary rules and the different standards of review. Nevertheless, because we have reviewed this matter de novo, we are not required to address this issue.