746 So.2d 154 (1999)
Walter BIBBINS
v.
BOH BROTHERS CONSTRUCTION COMPANY.
No. 99-CA-349.
Court of Appeal of Louisiana, Fifth Circuit.
October 13, 1999.
*156 Arcenious F. Armond, Jr., Gretna, Louisiana, for appellant.
Richard S. Vale, Blue Williams, L.L.P., Metairie, Louisiana, for appellee.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, J.
Claimant, Walter Bibbins, appeals from a judgment from the Office of Worker's Compensation (OWC), granting the exception of prescription filed by defendant, Boh Brothers Construction Company (Boh Brothers), and dismissing his claim for worker's compensation benefits. Boh Brothers has answered the appeal, in the event that we reverse the ruling on the prescription exception, seeking review from the court's previous finding that the employee was entitled to worker's compensation benefits. For the reasons which follow, we reverse in part, affirm in part, render and remand.
Bibbins was employed by Boh Brothers for 28 years when, on April 6, 1993, he was injured in a work related accident. More particularly, claimant was in the process of loading aircraft mating onto a truck. As the mats were being loaded by a crane, they swung towards claimant's head. In an attempt to protect himself, claimant raised his left arm which resulted in the mats striking his hand and arm and driving his arm into the truck causing apparent injury to his left hand.
Following the accident, claimant was seen initially in the emergency room by Dr. Robert Segura. Dr Segura referred him to Dr. John McLachlan, an orthopedist, for surgery. Dr. McLachlan became claimant's primary treating physician. The doctor performed debridement and irrigation of both the thumb and the index finger lacerations, sutured the thumb laceration and closed manipulation of the index finger fracture. Splints and a fiberglass cast were used to immobilize the left index finger. On April 24, 1993, when the cast was removed, claimant noted stiffness in the joint of the finger. Exercise was prescribed. Stiffness, pain and swelling persisted. On May 26, 1993, x-rays revealed that the fracture line was still apparent. However, on or about May 19, 1993, claimant alleges that he began to notice lost strength in his left arm. Complaints to Dr. McLachlan of lost strength in the left arm were noted in the reasons for judgment to have commenced on September 10, 1993. In the early part of July of 1993, claimant underwent heart surgery unrelated to his accident. In late July of 1993, claimant was complaining to Dr. McLachlan *157 about stiffness in the uninvolved fingers of his left hand. Dr. McLachlan opined that the stiffness was due to insufficient exercise of his left hand while claimant was recuperating from the heart surgery and prescribed exercise for the hand. Despite these complaints, claimant was released to return to light duty work on August 17, 1993 and benefits were discontinued on August 24, 1993. Claimant was fully released by Dr. McLachlan on October 5, 1993.
In the April 20, 1994 visit, claimant's complaints of loss of strength in his left hand and arm caused Dr. McLachlan to recommend and Electromyography (EMG) and nerve conduction study. Claimant informed Dr. McLachlan that he could not afford the tests. So, even though Dr. McLachlan was not of the opinion that this complication was connected to the work related accident, he felt obligated to rule that out as the cause and requested payment by Boh Brothers for the tests. Boh Brothers refused to pay for the tests. Claimant again presented the same complaints, including atrophy of the arm. Boh Brothers again refused to pay for the tests. The opinion, obtained two years later, of Dr. Robert Applebaum, the consulted neurosurgeon, indicated that the weakness in claimant's arm was consistent with nerve root irritation, a brachial plexus injury or a ruptured cervical disc. As noted by the trial judge in the reasons for judgment, "the diagnostic impression was that claimant sustained an injury to the left arm and possibly his neck, as well as the brachial plexus."
On February 13, 1996, claimant filed a Disputed Claim for Compensation from with the Office of Worker's Compensation against Boh Brothers, asserting an injury to the back of the neck and shoulder and disability of his left arm, resulting from the April 3, 1993 accident. On May 1, 1996, Boh Brothers filed an answer denying claimant's entitlement to any benefits beyond what it had already provided.
Trial on the merits was held on August 21, 1997. On October 31, 1997, judgment was rendered with written reasons in favor of claimant, finding him temporarily totally disabled as a result of an injury to his shoulder, which was causally related to the work accident.
Boh Brothers timely appealed. With its brief, Boh Brothers also filed a Exception of Prescription for the first time in this court. As noted in our earlier opinion in this matter, Bibbins v. Boh Brothers, 98-172 (La.App. 5th Cir.7/28/98), 716 So.2d 467, Boh Brothers offered, in Justification of the belated prescription exception, that it understood that claimant was only seeking supplemental earnings benefits (SEBs) and not temporary total disability (TTD) benefits as were awarded. Boh Brothers acknowledged claimant's entitlement to supplemental earnings benefits, if causation was established, noting that only entitlement to TTD benefits had prescribed. Thus, Boh Brothers contended that it was surprised by the TTD award, requiring them to file the exception in the appellate court. Claimant responded by filing a motion to remand the matter to the OWC for consideration of the exception. Based on La.C.C.P. art. 2163, this court ordered the remand.
On remand, however, it appears that Boh Brothers changed its strategy. Boh Brothers argued to the trial judge that both the right to TTD benefits and SEBs had prescribed. On February 2, 1999, the OWC granted the exception as to both TTD benefits and SEBs and dismissed claimant's suit. It is from this judgment that claimant appeals. Boh Brothers has answered the appeal, reasserting, in the event the judgment on the prescription exception is reversed, as it did in the original appeal, error in the original OWC judgment in which it was found that the arm disability is causally related to the earlier work accident.

PRESCRIPTION
La.R.S. 23:1209(A), addressing the prescriptive periods for bringing a claim *158 for worker's compensation benefits, provides as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. (Emphasis provided.)
Basically, as explained in The Louisiana Civil Law Treatise on Worker's Compensation[1], and pertinent to this case, under La.R.S. 23:1209(A), "[t]he claim of an injured employee for weekly benefits is not prescribed if filed within: (a) one year of the accident; or (b) one year after the last payment of compensation, except in claims for supplemental earnings benefits, when the period of three years after the last weekly payment of compensation applies (of whatever type)."
Boh Brothers admitted, in their exception of prescription filed in this court, that claimant had made a claim for SEBs, alleging that they were surprised by the OWC award for TTD. As clearly provided by the statute, Boh Brothers was correct in their assertion that the claim for TTD benefits has prescribed. However, equally clear under the statute, claimant's right to assert a claim for SEBs has not prescribed.
It was stipulated that Boh Brothers terminated payment of benefits to claimant on August 24, 1993. Claimant filed his claim with OWC on February 3, 1996. As admitted by Boh Brothers in this court in its original exception of prescription, the claim for SEBs, filed within three years of the last payment by the employer, is unquestionably timely.
Despite this admission in the Court of Appeal, on remand, Boh Brothers argued, to the contrary, that claimant's right to assert a claim for SEBs is prescribed, relying on La.R.S. 23:1221(3) (defendant) (I).
Claimant argues that the OWC had no jurisdiction to consider the issue of prescription as to the SEBs claim because the case was on a limited remand from the Court of Appeal to consider the prescription exception filed therein which only addressed the prescription of the TTD benefits. Claimant also argues that exhibits introduced on remand concerning the nature of his disability were erroneously admitted since they did not relate to the prescription issue.
While claimant makes a persuasive argument concerning Boh Brothers' waiver of its right to argue the prescription of the SEBs claim following its admission to the contrary in the Court of Appeal, we don't reach that argument because we find that the claim for SEBs has not prescribed. As to the introduction of evidence, any evidence not related to the prescription exception is inadmissible as beyond the scope of the remand. Boh Brothers had *159 an opportunity to try the issue of whether claimant had a compensable injury. Judgment was rendered. Boh Brothers cannot supplement the medical testimony on disability in the limited remand on the question of prescription.
La.R.S. 23:1221(3)(d)(i), cited and relied on by Boh Brothers in support of its prescription exception as to the claim for SEBs, addresses itself to the termination of SEBs after the benefits have been awarded. It does not pertain to the case before us herein, wherein claimant is asserting for the first time his right to SEBs. A claimant's right to bring a claim for SEBs for the first time is controlled by La.R.S. 23:1209(A) and is three years from the last compensation payment. Accordingly, insofar as the OWC judgment held that claimant's right to assert a claim for SEBs has prescribed, it is reversed.

CLAIMANT'S RIGHT TO WORKER'S COMPENSATION
To be entitled to worker's compensation, a claimant must prove that there was a work related accident, that he has a resulting disability and a causal connection between the accident and the disability. Following the original trial before the OWC, the trial judge determined that the disability to claimant's arm for which claimant is seeking worker's compensation was caused by the work accident and awarded claimant benefits in the form of TTD benefits. Appellate review of that determination was postponed by the remand on the prescription exception. As stated above, the prescription exception was properly granted as to a claim for TTD benefits but not as to a claim for SEBs. Therefore, the question before us now is whether claimant is entitled to worker's compensation benefits, in the nature of SEBs, because of the weakness and atrophy he has sustained in his left arm.
Boh Brothers arguments are twofold. First they argue that the OWC erred in finding that claimant's ongoing complications in his left arm, wrist and hand are causally related to the work accident. It is Boh Brothers' position that claimant's injury from that accident was limited to his hand for which he recovered without residual disability. Second. Boh Brothers argues that claimant's inability to work is due to his intervening heart problems and not the problems with his arm.
As to the OWC finding of causation between claimant's arm disability and the work accident, it is well settled that, on appellate review of a factual determination, the reviewing court may not set aside the factfinder's findings of fact in the absence of manifest error or unless they are clearly wrong. Also, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State through DOTD, 617 So.2d 880 (La. 1993). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
In this case, we find no manifest error or clear wrong in the trial judge's finding that the claimant's shoulder, arm and hand disability are causally related to the work accident.
A disability is presumed to be the result of a work-related accident if the claimant was in good health before the accident ant the symptoms of the disability appear after the accident and continue to manifest themselves. This presumption is available when sufficient medical evidence is introduced to show a reasonable possibility of a causal connection between the disability and the work-related accident, or *160 that the nature of the accident raises a natural inference that such a causal connection exists. Gentile v. Baton Rouge General Medical, 95-0348 (La.App. 1st Cir.11/9/95), 665 So.2d 422.
There is no dispute that there was a work related accident that occurred on April 6, 1993. A huge mat, weighing five to seven thousand pounds, was being swung into place by a crane. The mat swung toward claimant causing him to turn his head suddenly and raise his left arm to protect himself. As a result, this heavy mat swung into claimant's hand with such force that it lacerated it and fractured the index finger. Claimant required surgery, being placed in splints and a cast. Claimant had worked for his employer for 28 years without any previous disabling accidents.
While there is some dispute as to when exactly claimant first complained to his physician about the lost strength in his arm, wrist and hand, the trial judge made a factual finding that the "claimant did ultimately report those complaints in a timely fashion to his treating physician."[2] There is no dispute that claimant suffers a disabling arm problem, with lost strength and atrophy of the arm. Claimant's treating physician opined that he did not think it likely that the accident caused the problems claimant was having with his arm, but he could not rule it out conclusively. Rather, Dr. McLachlan requested that Boh Brothers authorized additional testing of claimant to further evaluate the nature and cause of the injury and which Boh Brothers refused. Claimant was an able driver of an 18 wheel truck prior to the accident and suffers lost strength and atrophy of his arm following the accident, with no evidence of an intervening cause. Moreover, the circumstances of the accident establish a reasonable possibility of a causal connection between the accident and the disabling arm condition. Further, medical testimony established that claimant's condition was consistent with an arm or neck injury. Therefore, we find no error in the OWC finding of a causal link between claimant's disabling arm condition and the work accident.
Boh Brothers also argues that any disability claimant has at this time is a result of his heart condition and not the lack of function of his left arm.
Claimant argues that the degree and nature of his disability goes to his entitlement to SEBs or the amount he can be awarded. To prove entitlement to SEBs, a claimant must show by a preponderance of the evidence that he is unable, due to a work related injury, to earn 90% of his pre-injury wage.
Claimant, prior to the accident, worked as a truck driver of a large 18 wheel truck, earning $11.44 per hour. It is not disputed that he can not do that job with the weakness and atrophy of his left arm that he currently suffers. The assessment summary of the vocational rehabilitation counselor noted several jobs available in 1996, that were within claimant's restrictions and approved by his treating physician. These jobs paid between $4.75 and $5.00 per hour. Thus, it is clear that there is sufficient evidence in the record to support claimant's entitlement to SEBs, that is, that claimant is unable to earn 90% of his re-injury wage. However, we cannot determine with certainty from this record, the exact amount to which claimant would be entitled under La.R.S. 23:1221(3).[3] Therefore, a remand is necessary for the OWC to determine the amount and length of time of supplemental *161 earning benefits to which claimant is entitled.
Accordingly, for the reasons set forth above, the February 11, 1999 judgment is affirmed insofar it granted Boh Brothers' exception of prescription to temporary total disability benefits and reversed insofar as it granted the exception of prescription to SEBs. The October 31, 1997 judgment is affirmed insofar is it held that claimant's arm disability is causally related to the April 6, 1993 work accident and that claimant is entitled to worker's compensation benefits and reversed insofar as it held claimant was entitled to TTD benefits. It is adjudged herein that claimant is entitled to an award for SEBs in an amount due under La.R.S. 23:1221(3) to be determined on remand. The case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; RENDERED AND REMANDED.
NOTES
[1] H. Alston Johnson, III, Louisiana Civil Law Treatise, Workers' Compensation Law and Practice, § 384, at 345-6 (3rd ed.1994).
[2] Claimant testified that he began reporting problems of lost strength in his hand as early as May or June of 1993. The medical records indicate complaints of lost strength as early as June 9, 1993, but in all events, Dr. McLachlan testified to such complaints being made on April 9, 1994.
[3] It appears from the record that claimant has commenced receiving social security benefits which would also have an effect on the amount of a SEBs award to which he is entitled.