813 So.2d 619 (2002)
Pamela DUFRENE
v.
VIDEO CO-OP and Louisiana Workers' Compensation Corporation.
No. 2001 CA 0261.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*620 Michael L. Hebert, Baton Rouge, Counsel for Appellant Pamela Dufrene.
Candy Fodor Be, Baton Rouge, Counsel for Appellees Video Co-Op and LWCC.
Before: FOIL, PETTIGREW, and KLINE,[1] JJ.
KLINE, Judge.
This case is on appeal from a ruling of the Office of Workers' Compensation ("OWC") denying claimant's request for supplemental earnings benefits. For the reasons that follow, we affirm the ruling granting the exception of prescription filed by the defendant employer, Video Co-Op, and its insurer, Louisiana Workers' Compensation Corporation (hereinafter "LWCC"), and denying recovery of benefits.

FACTS AND PROCEDURAL HISTORY
The record reflects that Pamela Dufrene was employed by Video Co-Op. On November 13, 1996, while working the checkout counter, and during the course and scope of her employment, Dufrene was beaten and stabbed by an assailant, who was eventually arrested and prosecuted. Temporary total disability benefits were paid by the defendants from November 14, 1996, through March 11, 1997. No further indemnity benefits were paid. On or about October 7, 1999, Ms. Dufrene underwent a cervical fusion surgical procedure. On October 27, 1999, she filed a claim with the OWC seeking to have indemnity benefits reinstated. Ms. Dufrene's employer and LWCC filed a peremptory exception of prescription.
At a hearing on July 14, 2000, the claimant's deposition was introduced as Defendant's Exhibit One. After reviewing the evidence and hearing oral arguments, the OWC judge granted the exception of prescription and concluded that the claimant was not entitled to any further indemnity benefits. A judgment to that effect was signed on July 27, 2000.
Ms. Dufrene timely filed an appeal maintaining the OWC judge erred in finding her claim had been prescribed. Ms. Dufrene also seeks attorney fees for the hearing of the matter and the appeal.

ANALYSIS
In her brief to this court, claimant/appellant acknowledges that there are two cases decided by this court, Sept v. City of Baker, 98-1190 (La.App. 1st Cir.5/18/99), 733 So.2d 748, and Smith v. State Through Department of Health & Hospitals, 94-1533 (La.App. 1st Cir.3/3/95), 652 So.2d 635, which support the proposition that her claim has prescribed. However, she asserts that those cases have been decided erroneously and are an incorrect statement of the law.
*621 Appellant argues that both Smith and Sept incorrectly rely on La. R.S. 23:1221(3)(d)(i) as a prescriptive period. Instead, she asserts that this statute sets forth a period of entitlement to supplement earnings benefits and does not set forth a prescriptive period for filing a claim to receive those benefits. She asserts that under La. R.S. 23:1209(A), when any benefit payable under La. R.S. 23:1221(1), (2), (3), or (4), has been paid, a claimant has three years to file a formal claim asserting a right to indemnity benefits.
Louisiana Revised Statutes 23:1209 provides, in pertinent part:
A. In case of personal injury ... all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided by Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). [Footnote omitted.]
Louisiana Revised Statutes 23:1221(3) provides, in pertinent part:
(d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
(i) As of the end of any two-year period commencing after termination of temporary total disability, unless during such two-year period supplemental earnings benefits have been payable during at least thirteen consecutive weeks....
Because Ms. Dufrene was paid benefits pursuant to La. R.S. 23:1221(1) through March 11, 1997, she had one year from that date to file her claim for any type of workers' compensation benefits except supplemental earnings benefits. Additionally, her claim for supplemental earnings benefits is barred by the two year limitation of La. R.S. 23:1221(3)(d)(i). Because appellant never received supplemental earnings benefits, her suit should have been filed on or before March 11, 1999, within two years of the date temporary total disability benefits were discontinued. Since appellant received temporary total disability, her current claim to receive supplemental earnings benefits is now prescribed because more than two years lapsed since discontinuance of temporary total disability benefits. Sept v. City of Baker, 733 So.2d at 750. Had supplemental earnings benefits been payable to her for at least thirteen consecutive weeks during the two years following the termination of temporary total disability, Ms. Dufrene could have availed herself of the longer prescriptive period of three years as provided in La. R.S. 23:1209. See Smith v. State Through Department of Health & Hospitals, 652 So.2d at 636-37.
Although Ms. Dufrene contends there is no two-year prescriptive period and she had three years to make a claim for supplemental earnings benefits pursuant to La. R.S. 23:1209, we disagree. In order to avail herself of the three-year prescriptive period to file a claim for supplemental earnings benefits as set forth in La. R.S. 23:1209(A), appellant first had to have been paid supplemental earnings benefits for thirteen consecutive weeks during the two-year period commencing after the termination of her temporary total disability *622 benefits as set forth in La. R.S. 23:1221(3)(d)(i). Ms. Dufrene was never paid supplemental earnings benefits. Thus, she no longer has a right to indemnity benefits.

CONCLUSION
For the foregoing reasons, the decision of the OWC judge is affirmed. Having found no merit in claimant/appellant's arguments, her request for attorney fees is denied. Costs of this appeal are assessed to Pamela Dufrene.
AFFIRMED.
NOTES
[1] Hon. William F. Kline Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.