_LgFOIL, J.
Claimant, Harold Cook, appeals from a judgment of the Office of Workers’ Compensation (OWC), granting the exception of prescription filed by plaintiff, Louisiana Workers’ Compensation Corporation (LWCC), and dismissing his claim for workers’ compensation benefits. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL BACKGROUND
Kent Construction Company, a corporation insured by LWCC, employed claimant as a carpenter. Claimant injured his lower back on March 17, 1993. He received treatment, but ultimately underwent lumbar spine surgery in June, 1993. He has been under medical treatment, including psychiatric treatment, since 1993.
Claimant received TTD benefits until May 19, 1998. At that time, he returned to light carpentry work forty hours per week at a higher salary than his average weekly wage made at the time of the accident. He continued medical treatment, all of which was authorized and paid for by the carrier. By June of 2000, claimant’s condition had ■ deteriorated to the point where he could no longer work at all due to pain. LWCC refused to authorize further medical treatment and refused to reinstate claimant’s benefits, which he demanded in July, 2000. In response to the demand for reinstatement of benefits, on September 27, 2000, LWCC filed a petition for declaratory judgment relative to the prescription issue. Claimant filed an answer and a counterclaim for benefits, as well as a claim for penalties and attorney fees for the carrier’s refusal to pay medical expenses.
The carrier asserted that the claim for benefits was prescribed because it was filed in excess of two years since benefits stopped in May, 1998. Following a hearing, the Workers’ Compensation Judge, Robert Varnado, Jr.(WCJ), held that claimant’s right to weekly indemnity benefits in the form of TTD, SEB and/or PPD benefits had prescribed.
IsThe WCJ ruled in favor of claimant, however, on the issue of penalties and attorney fees. He found that LWCC failed to pay a bill for a particular medical service until the claimant was personally sued for payment. The WCJ found that the carrier had sufficient notice that the medical services were rendered because they were previously authorized by the carrier. The WCJ awarded claimant a $2,000.00 penalty and $2,000.00 in attorney fees.
DISCUSSION
Claimant filed the instant appeal and urges three assignments of error. He asserts that the WCJ erroneously applied a two-year limitation period to his first claim for SEBs, rather than the three-year limitation provided in La. R.S. 23:1209. He further asserts that the carrier promised him that, if he went back to work in 1998, his benefits would be reinstated if he became unable to work due to problems *149 stemming from the 1993 injury. Therefore, he claims that prescription was suspended under the doctrine of contra non valentem. The claimant further asserts that these assurances by the carrier constitute an acknowledgement of his right to receive benefits, thereby interrupting prescription.
After a thorough review, we conclude that the WCJ correctly held that claimant’s right to SEBs was prescribed. Here, the claim for SEBs is barred by the two-year limitation of La. R.S. 23:1221(3)(d)(i), which provides:
The right to supplemental earnings benefits pursuant to this Paragraph shall ... terminate:
(i) As of the end of any two-year period commencing after termination of temporary total disability, unless during such two-year period supplemental earnings benefits have been payable during at least thirteen consecutive weeks; ...
In this case, the record shows that claimant received SEBs during three separate periods of time: 12/31/93 to 7/24/94, 11/24/95 to 11/30/95, 7/5/96 to 7/9/96. SEBs were not payable to claimant for 13 weeks of the two-year period following the date TTD benefits were discontinued (May 19, 1998) because claimant worked from that time until June, 2000, at a higher salary than his average weekly wage made at the Rtime of the accident. Had SEBs been payable for 13 weeks during that two-year period, claimant could have availed himself of the longer prescriptive period, three years from May 19, 1998, provided in La. R.S. 23:1209. See Dufrene v. Video Co-Op, 01-0261 (La.App. 1 Cir. 3/28/02), 813 So.2d 619; Smith v. State Through Department of Health & Hospitals, 94-1533 (La.App. 1 Cir. 3/3/95), 652 So.2d 635.
Further, the WCJ found that prescription was neither suspended nor interrupted due to the actions of the carrier. As the record supports this finding, we decline to disturb it.
For these reasons, the judgment appealed from is affirmed at claimant appellant’s cost.
AFFIRMED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.