ItGREMILLION, Judge.
The defendant, Housing Authority of Lafayette, appeals the judgment of the workers’ compensation judge denying its exception of prescription as it applied to the claims of the plaintiff, Keith Cormier, to receive supplemental earnings benefits. For the following reasons, we affirm.
FACTS
The facts of this matter are not in dispute. On October 23, 1998, Cormier suffered a work-related injury to his knees while employed as a maintenance worker for the Housing Authority. He received temporary total disability benefits (TTD) through November 29,1999. At that time, his weekly benefits were terminated because he returned to work. Cormier worked through December 6, 2001, at which time he was declared unable to work by his treating orthopedic surgeon.
On April 15, 2002, Cormier filed a disputed claim for compensation alleging the Housing Authority’s failure to reinstate TTD as of December 6, 2001. In response, the Housing Authority filed a peremptory exception of prescription arguing that Cormier’s claim for benefits had prescribed pursuant to La.R.S. 23:1209. While Cormier did not dispute that his claim for TTD had prescribed, he argued that his claims for supplemental earnings benefits (SEBs) and medical expenses were still viable. On November 1, 2002, at the hearing on the exception, Cormier supplemented his disputed claim for compensation to. include a claim for SEBs and medical expenses. Following a hearing on the exception, the workers’ compensation judge granted the exception as it applied to Cormier’s claim for TTD, but denied it as it applied to his claim for SEBs. This appeal by the Housing Authority followed.
| ¡.ISSUE
On appeal, the Housing Authority argues that the workers’ compensation judge erred in finding that Cormier’s claim for SEBs had not prescribed since the record reflects that he failed to seek such benefits for more than two years after the termination of his benefits.
The Housing Authority bases its argument on La.R.S 23:1221(3)(d)(i), which provides:
(d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
(i) As of the end of any two-year period commencing after termination of temporary total disability, unless during such two-year period supplemental earnings benefits have been payable during at least thirteen consecutive weeks[.]
It further relies on a string of first circuit cases which hold that, in fact situations such as this, La.R.S. 23:1221(3)(d)(i) trumps La.R.S. 23:1209, so that a two-year prescriptive period applies rather than a three-year period. Dufrene v. Video Co-Op., 01-261 (La.App. 1 Cir. 3/28/02), 813 So.2d 619, writ granted, 02-1147 (La.9/30/02), 825 So.2d 1183; Sept v. City of Baker, 98-1190 (La.App. 1 Cir. 5/18/99), 733 So.2d 748; Smith v. State, Through DOHH, 94-1533 (La.3/3/95), 652 So.2d 635. A more recent case following this finding *1228 is Louisiana Workers’ Compensation Corp. v. Cook, 01-1897 (La.App. 1 Cir. 10/2/02), 836 So.2d 147.
La.R.S. 23:1209 provides in pertinent part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section [3and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(8) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (h).
(Emphasis added) (footnote omitted).
In her oral reasons, the workers’ compensation judge noted that she had addressed this issue previously, ruling that La.R.S. 23:1209 applied so as to be in line with the liberal precepts of the Workers’ Compensation Act. She ruled consistently with her prior opinion in the instant matter.
After reviewing the record and the jurisprudence, we agree with the workers’ compensation judge that the three-year prescriptive period found in La.R.S. 23:1209 applies to the facts at hand. In Bibbins v. BOH Brothers Construction Co., 99-349, p. 8 (La.App. 5 Cir. 10/13/99), 746 So.2d 154, 159, the fifth circuit stated:
La.R.S. 23:1221(3)(d)(i), cited and relied on by Boh Brothers in support of its prescription exception as to the claim for SEBs, addresses itself to the termination of SEBs after the benefits have been awarded. It does not pertain to the case before us herein, wherein claimant is asserting for the first time his right to SEBs. A claimant’s right to bring a claim for SEBs for the first time is controlled by La.R.S. 23:1209(A) and is three years from the last compensation payment. Accordingly, insofar as the OWC judgment held that claimant’s right to assert a claim for SEBs has prescribed, it is reversed.
Additionally, H. Alston Johnson III, 14 Louisiana Civil Law Treatise, Workers’ Compensation Law and Practice, § 384, p. 325 n. 78 (4th ed.2002), stated:
See generally Smith v. State Through DOHH, 652 So.2d 635 (La.App. 1st Cir.1995), in which the claim was held to be prescribed as to all benefits other than SEB, and SEB was not available in the court’s view because fewer than 13 weeks of such payments had been paid during the preceding two-year period prior to suit. This is a doubtful conclusion in light of the intended three-year period to be able to seek such benefits; the two-year provision is a “termination” provision, not a prescriptive |4period.
Finally, the supreme court has just rendered an opinion in Dufrene, wherein it reversed the first circuit finding that La. R.S. 23:1221(3)(d)(i) applied under the factual scenario at issue. In its opinion, 02-1147, p. 10 (La.4/9/03), 843 So.2d 1066, 1073, the court held that La.R.S. 23:1209(A) “is the only prescriptive period setting forth the amount of time a worker has to file a claim for benefits. Section 1221(3)(d)(i), on the other hand, establishes the substantive period an employee is entitled to receive SEB payments, and when and how they may terminate.” In further addressing this issue, the court stated:
*1229 In interpreting these statutes, we must keep in mind the policies and purpose behind the workers’ compensation laws. It is axiomatic that the Workers’ Compensation Act is remedial in nature. To effectuate its humane policies, we are bound to construe the law liberally in favor of providing compensation to the injured worker. Breaux v. Hoffpauir, 95-2933, p. 4 (La.5/21/96), 674 So.2d 234, 237; Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52, 55 (La.1993); Lester v. Southern Cas. Ins. Co., 466 So.2d 25, 28 (La.1985). Furthermore, in keeping with the beneficent intent of the Act, “the time limits on institution of a claim for benefits have been very liberally interpreted over the years.” Malone & Johnson, supra, § 384, at 307; see also Jackson v. Domtar Indus., Inc., 98-1335, p. 4 (La.App. 3d Cir.4/7/99), 732 So.2d 733, 737. Our interpretation of these statutes conforms with these well-established tenets of workers’ compensation law because it provides an injured employee with the longest time period provided in the Act to file a claim for benefits.
We also note that the court of appeal’s interpretation of §§ 1209(A) and 1221 (3) (d) (i) leads to results that are at best inconsistent with the remedial nature of workers’ compensation law, and at worst absurd. Consider a worker who is injured on the job, but not so badly that he cannot work at all, and who begins to collect SEB, followed by a time period where he does not need SEB. Under § 1209(A) this worker will have three years from the termination of SEB payments to file a renewed claim for SEB if his condition worsens (§ 1209(A) gives a prescriptive period of three years from the last payment of any type of indemnity benefit). Section 1221(3)(d)(i) would not serve to shorten the time within which to file the worker’s claim in this hypothetical | ^situation because TTD was not paid, and that statute only provides for termination of SEB after TTD ends.
However, under the First Circuit’s analysis, a workers such as plaintiff, who is seriously injured and thus must collect TTD payments because she is incapable of working at all, will have only two years from the termination of TTD to file a claim for SEB unless the worker can prove that SEB was payable for thirteen consecutive weeks, i.e., that she was not able to earn 90 percent of her pre-injury wages for thirteen consecutive weeks of the given two-year period. We choose not to interpret these statutes in such a way as to cause inequitable results, when the logical reading of these statutes adopted by the Fifth Circuit Court of Appeal gives effect to the substance of both statutes and conforms to the long-established purpose and intent of the workers’ compensation laws.
Id. at pp. 13-15, 843 So.2d at 1074-75 (footnote omitted).
Accordingly, the judgment of the workers’ compensation judge denying the Housing Authority’s exception of prescription as it applied to Cormier’s claim for SEBs is affirmed.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. The costs of this appeal are assessed to the defendant-appellant, Housing Authority of Lafayette.
AFFIRMED.