798 So.2d 271 (2001)
Adrian GRAY
v.
H.B. ZACHARY CONSTRUCTION COMPANY.
No. 01-CA-276.
Court of Appeal of Louisiana, Fifth Circuit.
September 25, 2001.
*272 William Ken Hawkins, LaPlace, LA, Attorney for Appellant Adrian Gray.
Philip J. Borne, Christopher J. Alfieri, Christovich & Kearney, L.L.P., New Orleans, LA, Attorney for Appellee Zachary Construction Company.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
Plaintiff, Adrian Gray, appeals from a judgment denying workers' compensation benefits.[1] We affirm.
In 1999, Plaintiff was employed as an electrician for Defendant, H.B. Zachary Construction Company, working at the Union Carbide plant in Taft, Louisiana. He had worked in the plant for Defendant for 9½ years. Sometime in the fall, he alleges that he was assisting a new worker pulling cables in one of the substructures that had a low ceiling with pipes running along the top. As he raised himself from a squatting position, he struck his head on an overhead beam, "jamming" his neck. Plaintiff alleges that the accident happened during a "turnaround" or "shut down" and that he had been working 12-14 hours. He continued to work, he did not report the accident directly to the Safety Department, and no one completed a report of injury. Plaintiff claims that, when the accident happened, he informed his *273 immediate supervisor and a co-worker that he was injured. He later attempted to obtain workers' compensation benefits, but his request was denied.
On December 21, 1999, Plaintiff filed a Disputed Claim for Compensation. On the form he stated that the accident happened on October 12, 1999. After a hearing was held on November 2, 2000, the workers' compensation judge denied the claim on the basis that Plaintiff failed to prove a work related injury.
On appeal, Plaintiff asserts that the trial judge erred in failing to find that he had sustained a work related injury and in failing to award penalties and attorneys fees for Defendant's arbitrary refusal to provide workers' compensation benefits.
At trial, Plaintiff testified that the accident happened sometime in September of 1999. At various points in his testimony, he said that it happened on September 3, during the second week of September, or the latter part of September. He denied that it happened on October 12, 1999, as he alleged on the claim form, or in the week before Halloween as he alleged in his deposition. He said that the October date on the claim form was when he saw a doctor. Plaintiff was positive, however, that the accident happened during a "shut down" or "turnaround" when he was in the Etox area of the plant, although he noted that the "shut down" also involved the acrylics' department.
Plaintiff explained that a "shut down" occurs when the work in an area is stopped so that various equipment can be upgraded. Plaintiff testified that work during the "shut down" is performed 24 hours a day. This "shut down" lasted approximately 7 days. Because the company loses money during a "shut down", the workers are under pressure to complete the upgrade quickly. Plaintiff said that it is a very hectic time, during which everyone works longer hours, and that he worked 12-14 hours a day during that period, as opposed to his regular 10 hours. Plaintiff contends that he reported the accident to Bobby Breaux (Breaux), his immediate supervisor, right after the accident, but continued working because he was needed. He claims that he waited until the first Friday on which he was off before seeking medical attention.
Plaintiff first visited Dr. Raja Talluri, an internal medicine specialist, on September 10, 1999, for pain in his upper back, left shoulder, and radiating down his left arm. He did not tell the doctor that the injury was work related. Because of his continuing complaints, the doctor placed Plaintiff on no-work status starting October 1, 1999. He was then referred to Dr. Richard Morvant, who treated him briefly, before referring him to Dr. Thomas Donner, a neurosurgeon. Dr. Donner subsequently operated on Plaintiff for a cervical disc herniation.
Breaux testified by deposition that he worked with Plaintiff for some time and that Plaintiff was dependable, punctual, and an above average worker. Plaintiff filled-in for Breaux, when Breaux was on vacation. Breaux stated that he could not remember the exact day on which Plaintiff reported his injury, but he did remember that it was during the "turnaround" and that Plaintiff was working in the Etox unit at the time. Breaux could not be more specific on the date, but thought it was between mid and late September. However, he also testified that he first noticed Plaintiff having problems performing his job at the end of September.
Chad Ruiz (Ruiz), a co-worker, also testified by deposition. Although he could not recall the date of the accident, he testified that Plaintiff told Breaux that he was hurt either that day or the next, that *274 the weather was cool, that everyone was wearing jackets and that it occurred in October. Ruiz's testimony was not consistent about whether Plaintiff told Breaux he suffered a job injury. At one time, he stated that he heard Plaintiff tell Breaux that he had hurt himself at work. At another time he said that he "personally" never heard it. At still another time, he said that he heard Plaintiff tell Breaux that Breaux had to take him to safety, and that he was hurting. Ruiz also testified that he witnessed Plaintiff injuring himself in the acrylics' unit, not in Etox, as testified by Plaintiff and Breaux.
Jennifer Greenwell (Greenwell) was one of the safety people on the site. She testified that company policy requires an injured worker to report to the safety department. Plaintiff and his co-workers, however, stated that when an injury occurs, they tell the supervisor, who asks if they want to go to "Safety." They claim that they do not go for every injury, because some injuries are too minor. However, Greenwell testified that it is important that the worker report any injury because the safety department is responsible for determining whether the worker needs first aid treatment or a referral to a physician. In addition, the safety person fills out an accident report. In this case, no one reported Plaintiffs injury to the safety department at any time. Otherwise, there would be a record.
Greenwell testified that she first discovered that Plaintiff was having problems with his neck in October, when she noticed that he seemed to be in pain. During their discussion about it, she recommended a commonly used, over the counter, back pain medication that she thought might help, because he told her the prescription medication was making him drowsy. Plaintiff did not tell her that he had injured his neck at work. To the contrary, she said that he told her that he was hurt elsewhere. Furthermore, Greenwell testified that the only "shut down" that occurred near the dates alleged by Plaintiff was on September 17, 1999 in acrylics. She stated that the plant began gearing up for a "shut down" in Etox on October 4, 1999.
In a workers' compensation case, the employee bears the burden of proving that an accident occurred, that it occurred in the course and scope of his employment, that the accident caused his injury, and that the injury caused his disability. Tranchant v. Environmental Monitoring Service, Inc., 00-1160 (La.App. 5th Cir.12/13/00), 777 So.2d 516, 518.
The standard of review in a workers' compensation case is whether the workers' compensation judge was manifestly erroneous or clearly wrong in the factual findings. Id. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Tranchant, 777 So.2d at 518; Rosell v. ESCO, 549 So.2d at 840, 844-45 (La.1989); Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993). However, where documents or objective evidence so contradict a witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error, even in a finding based upon a credibility determination. Tranchant, 777 So.2d at 518; Rosell, 549 So.2d at 844-45; Stobart, 617 So.2d at 882. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Tranchant, 777 So.2d at 518; Stobart, 617 So.2d at *275 882. Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Tranchant, 777 So.2d at 518; Stobart, 617 So.2d at 882.
Plaintiff's wage records show that he worked 10 hours between August 18, 1999 and September 16, 1999. Starting with the week of September 19, 1999, Plaintiff worked more than his usual 10 hours. These documents support Greenwell's statement that the "shut down" started on September 17, 1999. Plaintiff was emphatic that the injury occurred during the "shut down", which then, would have been sometime after September 17, 1999. However, Plaintiff went to Dr. Talluri complaining about the herniated disc symptoms one full week before the "shut down" started. Since Plaintiff denies any other injury, this fact casts doubt on Plaintiff's version of the events, which the trial judge found.
In addition, although Plaintiff asserted that he reported the accident, Greenwell denied that anyone reported the alleged injury and no accident report was ever completed. Furthermore, Plaintiff's witnesses, Breaux and Ruiz, vacillated on the date and place of the alleged accident. Consequently, based on the evidence, we find that the workers' compensation judge was not clearly wrong in finding that Plaintiff failed to bear his burden of proving by a preponderance of the evidence that he suffered a work related injury. Accordingly, the judgment is hereby affirmed.
Costs of appeal are assessed to Plaintiff.
AFFIRMED.
NOTES
[1] La. R.S. 23:1021, et seq.