831 So.2d 317 (2002)
Dorsey WILEY, Jr.
v.
DIJON SERVICES, INC., and Louisiana Workers' Compensation Corporation.
No. 02-CA-242.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2002.
*318 Dorsey Wiley, Jr., Gretna, LA, Appellant in Proper Person.
Amanda H. Carmon, Baton Rouge, LA, Attorney for Appellees Dijon Services, Inc. and Louisiana Workers' Compensation Corporation.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and HENRY G. SULLIVAN, JR., Pro Tempore.
JAMES L. CANNELLA, Judge.
The Plaintiff, Dorsey Wiley, Jr., appeals from a judgment in a workers' compensation case which dismisses his claim for benefits. We affirm.
The Plaintiff was employed to vacuum cars by Defendant, Dijon Services, Inc., in March and April of 2000. On January 25, 2001, the Plaintiff filed a claim for workers' compensation in which he alleges that the accident happened on April 29, 2000 and that his back and neck were injured. No description of the accident is provided. A hearing was held on November 29, 2001, and on December 4, 2001 a judgment was rendered dismissing his claim because he failed to prove that an accident occurred while he was employed by the Defendant.
On appeal, the Plaintiff argues that on March 9, 2000 he was working for the Defendant and was hurt while pushing a wheelbarrow filled with bricks at City Park. He also claims that he was injured again on March 18, 2000 while working on a job for the Defendant at the Boomtown Casino.
The Plaintiff is illiterate and represented himself throughout the workers' compensation proceedings. His brief is disjointed and his arguments are unclear. However, we reviewed the evidence in this case and find no manifest error in the ruling of the workers' compensation judge.
To be entitled to workers' compensation benefits, the plaintiff must prove that there was a work related accident, resulting in a disability that was caused by the accident. Bibbins v. Boh Brothers Const. Co., 99-349 (La.App. 5th Cir.10/13/99), 746 So.2d 154, 159. A plaintiff's burden of proof is by a reasonable preponderance of the evidence. Tranchant v. Environmental Monitoring Service, Inc., 00-1160 (La.App. 5th Cir.12/13/00), 777 So.2d 516, 518; Campbell *319 v. Benson BMW/Isuzu/VW, Inc., 98-861 (La.App. 5th Cir.3/10/99), 735 So.2d 49, 55; Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303, 1306-07.
The appellate court's review of a workers' compensation case is governed by the manifest error or clearly wrong standard. Campbell, 735 So.2d at 55; Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132.
At trial, as the sole live witness, Plaintiff testified that he was injured while working for the Defendant at the Boomtown Casino and at City Park, but fails to describe how the accidents occurred.
The Plaintiff has a history of back injuries. In 1982, he hurt his back while employed for Bedro Price. He is presently receiving social security disability benefits from a 1986 work related accident at Goodwill Industries in which he injured his head and back. In 1995, the Plaintiff again injured his neck and back in a car accident. The Plaintiff was unemployed from 1987 until he went to work for the Defendant in July or August of 1999. He returned to work part-time in order to supplement his disability income.
On the Defendant's work application form, he failed to disclose his previous injuries. He explained that he did not disclose the pre-existing conditions and the prior accidents because he needed the job. On the workers' compensation claim form he put the wrong date of the accident. The Plaintiff stated that he made a mistake because he thought that he was supposed to put the date of the last day on which he worked. The Plaintiff explained that he had others helping him fill out the form and a judge completed part of it because he can barely read or write. He stated that they made mistakes because they misunderstood him. The Plaintiff stated that the accidents actually occurred in March of 2000. The evidence shows that he stopped working on April 22, 2000.
The Plaintiff testified that he did not inform anyone at work about either of his alleged accidents, but he told his supervisor, Barbara Youngblood, that he was sick and had to go home. He explained that he was afraid he would be fired if he reported an accident and injury. However, when he went for treatment, he told his doctor that he was hurt on the job. Nevertheless, even after he stopped working in April of 2000, he did not report the alleged accidents. He first notified the Defendant of his alleged work related injuries in his Disputed Claim for Compensation filed in January of 2001.
The Plaintiff testified that he did not report the accidents after he stopped working because he thought that he had to wait until he received his W-2 forms. The Plaintiff thought that he needed the forms to prove that he worked for the Defendant and he thought that the Defendant would not give him the forms if he reported that he had been injured on the job.
The only other evidence provided by the Plaintiff of an accident on the job was the two doctors' notes, both of which stated that the Plaintiff was injured in a work related accident. The notes further described the various medical conditions for which he was being treated. The Plaintiff suffers from numerous medical conditions, including degenerative disc disease. Although various medical records were introduced into evidence, nothing therein connects his alleged back problems with a work related accident during the time in which he worked for the Defendant.
Following the Plaintiff's testimony, the workers' compensation judge explained to the Plaintiff that the Defendant was required by law to provide the W-2 and *320 could not withhold it from him. Also, he told him that the law prohibits an employer from firing an employee because he reports a work related injury. The workers' compensation judge attempted to clear up the Plaintiff's obvious confusion regarding what he needed to show in order to receive workers' compensation benefits, which he seemed to confuse with unemployment benefits. Finally, the workers' compensation judge explained that, although unfortunate, the Plaintiff did not produce sufficient evidence to prove his claim of a work related accident.
We find no error in this finding and ruling. Nothing on the disputed claim for workers' compensation form described either alleged accident and the Plaintiff did not describe the alleged accidents at trial. He failed to report any accidents or injuries to the employer. Only his testimony and the doctors' notes state that he was injured on the job, but even the notes do not provide any details. The details of the accidents alleged by the Plaintiff in his brief cannot be considered by this Court, as those facts were not placed into evidence. There was neither testimony, nor documentary evidence to support the allegations. Although the rules of procedure are more flexible in workers' compensation cases, the Plaintiff still must provide the details of the accident insofar as he can. Thus, based on our review of the record, we find that the workers' compensation judge was not manifestly wrong in concluding that the Plaintiff failed to bear his burden of proof.
Accordingly, the judgment of the workers' compensation court is hereby affirmed. Costs of appeal are assessed against Plaintiff.
AFFIRMED.