860 So.2d 57 (2003)
Pamela Lee HOOKFIN
v.
ADVANTAGE NURSING SERVICES, INC. and Louisiana Workers' Compensation Corporation.
No. 03-CA-340.
Court of Appeal of Louisiana, Fifth Circuit.
October 15, 2003.
*58 Charles C. Holbrook, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Appellants.
Nancy Silbert, Dennis D. Spurling, Wolfe, Begoun & Pick, New Orleans, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD and EMILE ST. PIERRE, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Defendants, Advantage Nursing Services, Inc. and Louisiana Workers' Compensation Corporation, appeal from a judgment in favor of the Plaintiff, Pamela Lee Hookfin. We reverse.
On May 9, 2001, while employed as a Licensed Practical Nurse (LPN) assigned to the Waldon Healthcare Center (Waldon) in New Orleans, the Plaintiff slipped and fell. She suffered a contusion and abrasion to her knee and a contusion to her left wrist. She was anxious and stressed from the fall and she complained of intermittent left side numbness. Her blood pressure was elevated and the nurses at Waldon monitored her for one hour before sending her to Concentra Medical Center (Concentra). Her blood pressure there was 182 over 110, which is dangerously elevated. The Plaintiff has a history of high blood pressure, diabetes and thyroid problems. After treating her contusions, the doctor at Concentra instructed her go to an emergency room or to her family doctor for treatment of her blood pressure problem. That day she was unable to see her doctor, Dr. Jean Desse, so she went home to sleep. The next day, she went to the emergency with stroke symptoms, numbness on her left side and difficulty walking. Her blood pressure was 165 over 114. She remained in the hospital until May 13, 2001.
*59 On June 25, 2001, the Plaintiff filed a Disputed Claim for Compensation. The trial was held on September 11, 2002. The workers' compensation judge rendered a judgment in favor of the Plaintiff on October 29, 2002, finding that the Plaintiff was injured in the course and scope of her employment, that she proved the causal connection between her stroke and subsequent depression and the accident, that she is temporarily and totally disabled from the date of the accident, that she is entitled to all of her medical expenses related to her disability from the stroke and from her psychological injury, and that the Defendants were arbitrary and capricious in refusing to pay benefits. She was awarded $2,000 in penalties and $2,000 for attorney's fees.
On appeal, the Defendants contend that the trial judge erred in finding that the stroke resulted from her slip and fall, that the trial judge erred in finding that the Plaintiff is temporarily totally disabled, and that the Plaintiff is entitled to psychological medical benefits.
The manifest error standard of review applies to factual findings in a workers' compensation case. Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 13 (La.3/4/98), 708 So.2d 375, 380; Scuderi v. Crazy Johnnie Cafe, Inc., 02-243. p. 4 (La.App. 5th Cir.10/16/02), 831 So.2d 1037, 1040. In applying the manifest error-clearly wrong standard, we must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Chaisson, 97-1225 at p. 13; 708 So.2d at 380; Scuderi, 02-243 at p. 4, 831 So.2d at 1040. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though we may feel that its own evaluations and inferences are as reasonable. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993); Gray v. H.B. Zachary Const. Co., 01-276, p. 6 (La.App. 5th Cir.9/25/01), 798 So.2d 271, 274, writ denied, 01-2847 (La.1/4/02), 805 So.2d 207. Thus, where there are two permissible views of the evidence, a factfinder's choice of them can never be manifestly erroneous or clearly wrong. Chaisson, 97-1225 at p. 14, 708 So.2d at 381; Scuderi, 02-243 at p. 4, 831 So.2d at 1040. Thus, if the factfinder's findings are reasonable in light of the record, we may not reverse or modify the judgment. Chaisson, 97-1225 at p. 14, 708 So.2d at 381; Scuderi, 02-243 at p. 4, 831 So.2d at 1040-1041.
La.R.S. 23:1021(1) defines an accident as, "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." [Emphasis added]. La.R.S. 23:1021(7)(a) provides that, Injury and personal injuries include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.
La.R.S. 23:1021(7)(e) states:
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or *60 preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death. [Emphasis added]
The Plaintiff's treating physician, Dr. Desse, first testified that he did not know if the stroke was caused by the fall. In later questioning, he stated that it was possible that the physical action of falling and the anxiety produced as she was falling could have caused a blood clot in the brain to break loose, triggering the stroke. However, even after extensive questioning on this issue, he could not state beyond a possibility that the fall triggered a stroke. The phrases he used were that it might have contributed, that it was possible, and that it is "very hard to say." He was able to relate the stroke to her uncontrolled high blood pressure, which made the Plaintiff a "ticking time bomb" for a perivascular event.
Dr. Desse further testified that he believed the Plaintiff was having stroke at the time of the fall, based on her complaints of left side numbness. That numbness complaint was noted in the medical notes from Concentra, along with her other injuries. Dr. Desse stated that the physician at Concentra told the Plaintiff to go to an emergency room or see her personal doctor because of her symptoms of severely elevated blood pressure and left side numbness, but failed to instruct her to do so with the proper urgency or immediately send her to the emergency room. Dr. Desse thought that that doctor "dropped the ball" because emergency rooms have medication that can dissolve a blood clot, if given within a certain time. He related the subsequent mental depression to the effects of the stroke.
Dr. Desse was unable to state that the stroke was in fact cause wholly or in part by the fall. Each time the doctor was questioned on this fact, he admitted only to the possibility that a fall could trigger a stroke, and reiterated that her past history of uncontrolled high blood pressure was the main factor, if not the only factor involved. Speculation as to causation is not sufficient to prove a perivascular injury in a workers' compensation case. The Plaintiff must prove the injury by clear and convincing evidence. Here, the Plaintiff failed to bear her burden of proving by clear and convincing evidence that the fall caused or contributed to the disabling stroke or that there was any extraordinary stress that would have triggered it. Thus, we find that the trial judge erred in finding that the Plaintiff is entitled to workers' compensation benefits for the stroke and the depression that resulted from the stroke.
In light of our finding on causation, we must also reverse the finding as to penalties and attorneys fees since the issue was reasonably disputed and the Plaintiff's condition is not related to the Plaintiff's work related fall.
Accordingly, the judgment of the workers' compensation judge is hereby reversed. Costs of appeal are assessed against Plaintiff.
REVERSED.