| .¿SOL GOTHARD, Judge.
This is an appeal of a grant of a defense motion for summary judgment which dismissed the workers’ compensation claim of plaintiff. For reasons that follow, we reverse the judgment and remand the matter for further proceedings.
Plaintiff, Brian Murray, filed a claim for workers’ compensation benefits on June 20, 2002 in which he maintains he suffered severe head trauma while working in the *941 course and scope of his employment as an aircraft mechanic with defendant, Airborne Express/ABX, Inc. (Airborne). In the claim Mr. Murray admits he cannot recall the details of the accident. He states that,
.... I am not sure of the exact facts of the accident, but, markings on my shirt, arm and head match those markings on a machine described as a belt loader used for unloading freight from the airplanes. The weather conditions on that date were windy and raining and it is likely that as I passed the belt loader a metal pan on the machine fell forward and hit me on the head knocking me into the belt loader. I apparently loss (sic) consciousness for a period of time. When I regained consciousness I noticed that my right eye was darkened.
After discovery, defendant filed a “Motion for Summary Judgment” in which it argued plaintiff could not meet his burden of proof to show an accident |3occurred. Attached to the motion are photographs of the airplane and belt loader to which Mr. Murray refers in his claim for compensation. Also attached are photographs that show distinctive markings on claimant’s work shirt and head, and of his blackened eye. Defendant also submitted an affidavit of Rocco Bonura, who is a fellow employee of claimant. Mr. Bonura states he got a call from Mr. Murray’s wife and as a result of that call he inspected the aircraft and the accompanying loader. The loader had not been lowered from its normal loading position, and based on his experience there was no reason why it would be changed from this position. Also presented for the lower court’s review are parts of Mr. Murray’s deposition and medical records. The medical records show that Mr. Murray’s wife brought him to the emergency room at East Jefferson Hospital on November 23, 2001. At that time Mr. Murray was confused and had a black eye. In addition, defendant attached a report from Robert Stearns, an expert hired by defendant, which concluded after “photography and appropriate measurements .... followed up by mathematical reconstruction of impact forces .... ” that claimant’s theory of accident causation is “not consistent with the physical facts and circumstances I observed during my inspection of the reported accident location.” Mr. Stearns ultimately opined that in his professional opinion “it is more likely than not that Mr. Murray did not sustain his injuries in the manner theorized in his claim report’s statement and oral deposition.”
In his opposition to the motion for summary judgment, Mr. Murray offered the affidavit of his wife, Ginger, in which she stated her husband came home from work on November 23, 2001 with a blackened eye. He was disoriented and nauseated and his shirt had distinctive markings on the right shoulder. She took the shirt to his place of employment about 6:00 p.m. on the day of the accident to find the origin of the markings. At that time, a freight handler “pointed out that the markings on the shirt appeared to match markings on the plane left by the rubber | ¿pad from the belt loader.” This same individual “theorized that perhaps the pan on the belt loader became dislodged and hit him on the head forcing him into the rigger pad, also indicating that the pan will sometimes swing forward when it is not secured in the upright position.”
After hearing arguments of counsel, the lower court ruled in favor of defendant, entering summary judgment and dismissing Mr. Murray’s claim for workers’ compensation stating, “I just don’t see where there is any possible way of proving an accident at work.” It is from that judgment that claimant appeals.
*942 La. C.C.P. Art 966(B) provides that summary judgment shall be granted when “the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material, fact, and the mover is entitled to judgment as a matter of law.” Facts are material when their existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgments are reviewed on appeal de novo. Id. at 751. Clearly the issue of where and how claimant was injured is a material fact.
To be' entitled to workers’ compensation benefits, the plaintiff must prové that there was a work related accident, resulting in a disability that was caused by the accident. Wiley v. Dijon Services, Inc, 02-242 (La.App. 5th Cir.10/16/02), 831 So.2d 317, 318, writ denied, 02-2612 (La.12/13/02), 831 So.2d 990. The plaintiff bears the burden of establishing this causal connection by a reasonable preponderance of the evidence. Id.; Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303, 1306-07, dissenting opinion, 634 So.2d 329. Proof by a preponderance of the evidence is sufficient when the evidence takeh as a whole, shows that the fact sought to be proved is more probable than not. In ¿>rder for the employee to recover, it must be determined that his employment |ssomehow caused or contributed to his disability, but it is not necessary that the exact cause be found. Andrews v. Music Mountain Water Co., 25,634 (La.App. 2 Cir. 4/6/94), 637 So.2d 571, 573, writ denied, 94-1190 (La.6/24/94), 640 So.2d 1356.
What is foremost in our de novo review is whether there is a genuine'issue of material fact remaining to be decided. We find that the standard used by the trial court in the current posture of the case constitutes reversible error. It is clear from the trial court’s reasons that it made a credibility and weight determination of the evidence presented by both parties. That constitutes a finding of fact, not a finding that a genuine issue of material fact remains.
We are guided by the recent ruling from the Louisiana Supreme Court in Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226. The focus of that case was the appropriateness of consideration of expert opinion in a summary judgment procedure. Ultimately the court concluded that “rather than automatically excluding expert opinion evidence at the summary judgment stage, the Daúbet-Foret[1] standards should be considered by the trial judge in deciding whether to admit expert opinion evidence.” Independent Fire Ins. Co. v. Sunbeam Corp, supra at 235-236.
The Supreme Court continued in Independent Fire with a reinforcement of underlying principles: - In its analysis the court first made the observation that the trial judge canno.t make credibility determinations on a motion for summary judgment. Id. 755 So.2d at 236 (citing; Sportsman Store of Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc., 99-0201, (La.10/19/99), 748 So.2d 417.) The appropriate analysis for use in the trial court is outlined as follows:
(“[t]he rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony”); Ma- *943 mist & Lemmon, supra, p. 145 (“[i]n deciding a motion for summary judgment, the court must assume that all of the affiants are credible ... ”). Second, the court must | finot attempt to evaluate the persuasiveness of competing scientific studies. In performing its gatekeep-ing analysis at the summary judgment stage, the court must “focus solely on the principles and methodology, not on the conclusions they generate.” Daubert, sitpra at 595, n. 6, 113 S.Ct. 2786. Third, the court “must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion.” Maraist & Lemmon, supra, p. 145. Fourth, and most importantly, summary judgments deprive the litigants of the opportunity to present their evidence to a jury and should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. If a party submits expert opinion evidence in opposition to a motion for summary judgment that would be admissible under Daubertr-Foret and the other applicable evidentiary rules, and is sufficient to allow a reasonable juror to conclude that the expert’s opinion on a material fact more likely than not is true, the trial judge should deny the motion and let the issue be decided at trial, (footnote omitted)
Id. 755 So.2d at 236
The record in the instant matter shows that claimant’s wife told the treating physician that her husband was in normal health when he went to work that morning but came home, still dressed in work clothes, with a black eye and was confused. She immediately took him to the ophthalmologist, who recognized that Mr. Murray had severe head trauma and needed the immediate care of a neurosurgeon. Accordingly, the doctor called East Jefferson Hospital Emergency Room and arranged for Mr. Murray to be seen there. In the weeks following, Mr. Murray underwent two surgeries to relieve the pressure on his brain and spent several weeks in the Intensive Care Unit fighting for his life.
It is apparent from the medical records and the deposition testimony that Mr. Murray went to work on November 23, 2001 a normal healthy man and returned home with severe, life-threatening head trauma. It is also clear that, due to the severity of the injury Mr. Murray is unable to recall the details of the accident which caused the injury, and there were no witnesses. None of these facts are disputed by defendant. In its memorandum in support of the motion, defendant argues Mr. Murray’s story is not plausible, and presents expert testimony to show that the accident could not have happened the way claimant theorized it did.
|7By granting summary judgment, the trial court made credibility calls and factual determinations which are not appropriate in considering the merits of the motion. A summary judgment is not a substitute for a trial on the merits. Pye v. Insulation Technologies, Inc., 97-237 (La.App. 5 Cir. 9/17/97), 700 So.2d 892, writ denied, 97-2571 (La.12/19/97), 706 So.2d 461. Accordingly, we reverse the trial court and remand the matter for further proceedings consistent with this opinion.

REVERSED.

. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).