ON REHEARING

I,SOL GOTHARD, Judge.
This is an appeal of a grant of a defense motion for summary judgment which dismissed the workers’ compensation claim of plaintiff. For reasons that follow, we affirm.
Plaintiff, Brian Murray, filed a claim for workers’ compensation benefits on June 20, 2002 in which he maintains he suffered severe head trauma while working in the course and scope of his employment as an aircraft mechanic with defendant, Airborne Express/ABX, Inc. (Airborne). In the claim Mr. Murray admits he cannot recall the details of the accident. He states that:
.... I am not sure of the exact facts of the accident, but, markings on my shirt, arm and head match those markings on a machine described as a belt loader used for unloading freight from the airplanes. The weather conditions on that date were windy and raining and it is likely that as I passed the belt loader a metal pan on the machine fell forward and hit me on the head knocking me into the belt loader. I apparently loss (sic) consciousness for a period of time. When I regained consciousness I noticed that my right eye was darkened.
After discovery, defendant filed a “Motion for Summary Judgment” in which it argued plaintiff could not meet his burden of proof to show an accident ^occurred. Attached to the motion are photographs of the airplane and belt loader to which Mr. Murray refers in his claim for compensation. Also attached are photographs that show distinctive markings on claimant’s work shirt and head, and of his blackened eye. Defendant also submitted an affidavit of Rocco Bonura, who is a fellow employee of claimant. Mr. Bonura states he got a call from Mr. Murray’s wife and as a result of that call he inspected the aircraft and the accompanying loader. The loader had not been lowered from its normal loading position, and based on his experience there was no reason why it would be changed from this position. Also presented for the lower court’s review are parts of Mr. Murray’s deposition and medical records. The medical records show that Mr. Murray’s wife brought him to the emergency room at East Jefferson Hospital on *514 November 23, 2001. At that time Mr. Murray was confused and had a black eye. In addition, defendant attached a report from Robert Stearns, an expert hired by defendant, which concluded after “photography and appropriate measurements .... followed up by mathematical reconstruction of impact forces .... ” that claimant’s theory of accident causation is “not consistent with the physical facts and circumstances I observed during my inspection of the reported accident location.” Mr. Stearns ultimately opined that in his professional opinion “it is more likely than not that Mr. Murray did not sustain his injuries in the manner theorized in his claim report’s statement and oral deposition.”
In his opposition to the motion for summary judgment, Mr- Murray offered the affidavit of his wife, Ginger, in which she stated her husband came home from work on November 23, 2001 with a blackened eye. He was disoriented and nauseated and his shirt had distinctive markings on the right shoulder. She took the shirt to his place of employment about 6:00 p.m. on the day of the accident to find the origin of the markings. At that time, a freight handler “pointed out that the markings on the shirt appeared to match markings on the plane left by the rubber |4pad from the belt loader.” This same individual “theorized that perhaps the pan on the belt loader became dislodged and hit him on the head forcing him into the rigger pad, also indicating that the pan will sometimes swing forward when it is not secured in the upright position.”
After hearing arguments of counsel, the lower court ruled in favor of defendant, entering summary judgment and dismissing Mr. Murray’s claim for workers’ compensation stating, “I just don’t see where there is any possible way of proving an accident at work.” It is from that judgment that claimant appeals.
La. C.C.P. Art. 966(B) provides that summary judgment shall be granted when “the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law.” Facts are material when their existence or nonexistence may be essential to plaintiff’s cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgments are reviewed on appeal de novo. Id. at 751.
To be entitled to workers’ compensation benefits, the plaintiff must prove that there was a work related accident, resulting in a disability that was caused by the accident. Wiley v. Dijon Services, Inc, 02-242 (La.App. 5th Cir.10/16/02), 831 So.2d 317, 318, writ denied, 02-2612 (La.12/13/02), 831 So.2d 990. The plaintiff bears the burden of establishing this causal connection by a reasonable preponderance of the evidence. Id.; Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303, 1306-07, dissenting opinion, 634 So.2d 329. Proof by a preponderance of the evidence is sufficient when the evidence taken as a whole, shows that the fact sought to be proved is more probable than not. In order for the employee to recover, it must be determined that his employment somehow caused or contributed to his disability, but it is not necessary that the|Rexact cause be found. Andrews v. Music Mountain Water Co., 25,634 (La.App. 2 Cir. 4/6/94), 637 So.2d 571, 573, writ denied, 94-1190 (La.6/24/94), 640 So.2d 1356.
The record in the instant matter shows that claimant’s wife told the treating physician that her husband was in normal *515 health when he went to work that morning but came home, still dressed in work clothes, with a black eye and was confused. She immediately took him to the ophthalmologist, who recognized that Mr. Murray had severe head trauma and needed the immediate care of a neurosurgeon. Accordingly, the doctor called East Jefferson Hospital Emergency Room and arranged for Mr. Murray to be seen there. In the weeks following, Mr. Murray underwent two surgeries to relieve the pressure on his brain and spent several weeks in the Intensive Care Unit fighting for his life.
In its memorandum in support of the motion, defendant argues Mr. Murray’s story is not plausible, and presents expert testimony to show that the accident could not have happened the way claimant theorized it did.
After considering the presentations and arguments, the trial court concluded that there were no material facts remaining to be decided and that the claimant could not meet his burden of proof to show, by a preponderance of the evidence, that he suffered a work-related accident.
Defendant points out that claimant’s suggested cause of the accident is the belt loader. However, claimant admits he waited until the freight was loaded to begin his inspection. Further, claimant stated that he doubted the belt loader was in use when he did his inspection. While claimant’s memory is sketchy, he does remember doing some of the inspection that day before the accident. Testimony of what normally occurs shows that the belt loader would have been too high for the accident to have happened the way claimant suggests it did.
|fiA work-related accident is an essential component to a workers’ compensation claim. Without it, there is no cause of action for compensation. In the matter before us, we agree with the trial court that the claimant cannot prove an essential element of the action. Therefore, we find the trial court did not err in granting summary judgment in favor of defendant.

AFFIRMED.