957 So.2d 816 (2007)
Elvis OCON
v.
REGENCY MOTORS OF METAIRIE, LLC.
No. 06-CA-834.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2007.
*818 Charlsey Wolff, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Collins C. Rossi, Covington, Louisiana, Counsel for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
WALTER J. ROTHSCHILD, Judge.
In 2003, Elvis Ocon was employed by Regency Motors of Metairie, LLC as an automobile mechanic. He suffered a work-related injury on November 24, 2003 while he was removing a tire from a vehicle. Ocon received medical treatment for his finger injury and workers' compensation benefits which were terminated sometime in 2004. On May 10, 2004, Regency Ford filed a disputed claim for compensation alleging that the claimant was not disabled and that he had made false statements to obtain compensation benefits in violation of La. R.S. 23:1208. On May 11, 2004, Ocon filed a disputed claim for worker's compensation seeking the continuation of benefits, penalties and attorney's fees for the arbitrary termination of benefits. He also alleged that he required additional medical treatment as a result of the injuries *819 sustained in the accident, including referral to a psychiatrist and evaluation of the MRI of his thoracic spine.
Trial was originally scheduled for February 24, 2005. On February 22, 2005 defendant moved to continue this date, and claimant opposed the continuance. By order dated February 23, 2005, the matter was continued and was eventually tried on March 28, 2005. By judgment rendered on May 24, 2005, the trial court ruled in favor of claimant, specifically finding that claimant did not make material misrepresentations which would preclude him from the continuation of benefits. The trial court also imposed penalties and attorney's fees on defendant based on a finding of arbitrary termination of medical treatment and benefits.
Regency Motors now appeals from this judgment on the basis of several assignments of error. For the reasons stated herein, we affirm in part and reverse in part the judgment.
Standard of Review and Applicable Law
To be entitled to workers' compensation benefits, the claimant must prove that there was a work related accident, resulting in a disability that was caused by the accident. Wiley v. Dijon Services, Inc., 02-242 (La.App. 5th Cir.10/16/02), 831 So.2d 317, 319, writ denied, 02-2612 (La.12/13/02), 831 So.2d 990. The claimant bears the burden of establishing this causal connection by a reasonable preponderance of the evidence. Id.; Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94), 630 So.2d 1303, 1306-07.
The appellate court's review of a workers' compensation case is governed by the manifest error or clearly wrong standard. Blanchard v. Rental Service Corp., U.S.A., 05-460 (La.App. 5 Cir. 1/17/06), 920 So.2d 911, 915-16; Wiley, 831 So.2d at 318. In applying the manifest error or clearly wrong standard, the court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375, 380; Hookfin v. Advantage Nursing Services, Inc., 03-340 (La.App. 5 Cir.10/15/03), 860 So.2d 57, 59. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the court may feel that its own evaluations and inferences are as reasonable. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993); Hookfin, 860 So.2d at 59. Thus, if there are two permissible views of the evidence, a factfinder's choice of them can never be manifestly erroneous or clearly wrong. Chaisson, 708 So.2d at 381; Hookfin, 860 So.2d at 59. Accordingly, if the factfinder's findings are reasonable in light of the record, the appellate court may not reverse or modify the judgment. Chaisson, 708 So.2d at 381; Hookfin, 860 So.2d at 59.
La.R.S. 23:1208 A provides that "[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." La.R.S. 23:1208 E provides that, "[a]ny employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter."
La. R.S. 23:1208 requires proof of 1) a false statement or representation, 2) made willfully, 3) for the purpose of obtaining or defeating any benefit or payment. Parker v. ADM Milling Co., 01-649 (La.App. 5 Cir.11/27/01), 804 So.2d 120, 125; Scuderi v. Crazy Johnnie Cafe, Inc., 02-243 (La.App. 5 Cir.10/16/02), 831 So.2d *820 1037, 1049. In determining whether the statement was made willfully in an attempt to obtain or defeat benefits, "[t]he relationship between the false statement and the pending claim will be probative. . . ." Parker, 804 So.2d at 125; Scuderi, 831 So.2d at 1049. False statements that are inadvertent or inconsequential will not result in forfeiture. Parker, 804 So.2d at 125; Scuderi, 831 So.2d at 1049.
Further, La. R.S. 23:1208.1 allows an employer to inquire about previous injuries sustained by the employee and the employee's failure to answer truthfully shall result in forfeiture of benefits, provided the failure to answer directly relates to the medical condition for which a claim for benefits is made. By its express terms, LSA-R.S. 23:1208.1 provides for forfeiture under three circumstances. There must be (1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute. The employer has the burden of proving each of the elements required by the statute. The lack of any one of the elements is fatal to the employer's avoidance of liability under the statute. Nabors Drilling USA v. Davis, 03-136 (La.10/21/03), 857 So.2d 407, 414.
Forfeiture of worker's compensation benefits is a harsh remedy. Marler v. New Orleans Area Council, Boy Scouts of America, 01-1167 (La.App. 5 Cir.3/13/02), 815 So.2d 131, 135. Because both La. R.S. 23:1208 and 23:1208.1 are penal in nature, they must be strictly construed, both substantively and in the penalty provisions. Parker, 804 So.2d at 125; Scuderi, 831 So.2d at 1049; Gibbs v. Delasandro Painting and Decorating, 03-1144 (La.App. 5 Cir.2/10/04), 868 So.2d 804, 810; Wise v. J.E. Merit Constructors, Inc., 97-0684 (La.1/21/98), 707 So.2d 1214, 1218. The issue of whether an employee has forfeited his right to workers' compensation benefits is a factual question that should not be disturbed on appeal absent manifest error. Parker, 804 So.2d at 125; Scuderi, 831 So.2d at 1049.
Impeachment Evidence
Regency Motors first contends on appeal that the workers' compensation judge abused his discretion in excluding from evidence certain surveillance materials sought to be introduced at trial. The record in this matter contains the exhibit and witness lists and pre-trial statement filed by defendant Regency Motors on March 28, 2005, the morning of trial. The exhibit list contained surveillance reports and videotapes which defendant planned to introduce at trial, and the witness list contained the name of an investigator who prepared the reports. Counsel for claimant filed a motion to exclude this impeachment evidence sought to be introduced by defendant on the basis that the pre-trial statement and exhibits list were not timely submitted or filed.
Prior to trial, the court held a hearing on this matter, and granted claimant's motion to exclude both the surveillance materials and the testimony of the investigator from introduction at trial. After a review of the record in this matter, we find no abuse of the trial court's discretion in this ruling.
The record in this case contains a Scheduling Conference Order wherein it was ordered that discovery be completed by November 30, 2004 and a pre-trial statement be filed with the court no less than ten days prior to a pre-trial conference scheduled for December 14, 2004. The record indicates that claimant filed his pre-trial statement on December 4, 2004 pursuant to order of the court. As previously stated, defendant filed its pre-trial statement on March 28, 2005, the morning of trial.
*821 Although defendant contends that counsel for claimant learned of the existence of the surveillance materials at the claimant's deposition in November of 2004, defendant did not timely submit a pre-trial statement or an exhibit list containing this information. Rather, the record indicates that counsel for claimant received the pre-trial statement and witness and exhibits lists on Thursday, March 24, 2005, immediately before the Easter holiday weekend and four days before the trial date of Monday, March 28, 2005. Further, on motion of defendant, trial had been previously continued over the objection of counsel for claimant, and the record indicates that counsel for claimant requested the impeachment evidence at this time and defendant failed to produce it in a timely manner.
La. Workers' Compensation Rules and Regulations Sections 6003-6007 require the parties to submit a pre-trial statement. "Because of the need to insure an orderly disposition of cases, the workers' compensation judge is given broad discretion to determine whether or not to modify a pretrial order listing witnesses. Absent an abuse of discretion, the decision of the trier of fact will be upheld." Ratliff v. Brice Bldg. Co., 03-624 (La.App. 5 Cir. 11/12/03), 861 So.2d 613, 616, citing Wright v. Wendy's International, Inc., 01-2758 (La.App. 1 Cir. 12/20/02), 836 So.2d 325, 327.
Under the circumstances presented here, where defendant failed to file its pretrial statement and exhibit list until the date of trial and only submitted the requested evidence to opposing counsel four days before trial and immediately prior to a holiday weekend, we find no abuse of the trial court's discretion in striking the introduction of these exhibits and testimony.
Forfeiture of Benefits
Regency Motors, in its disputed claim for compensation, contends that claimant made false statements in an effort to obtain worker's compensation benefits in violation of La. R.S. 23:1208 and has therefore forfeited his right to benefits under the workers' compensation statute. In its pre-trial statement filed on the day of trial, Regency Motors cited for the first time the provisions of La. R.S. 23:1208.1 regarding the employee's assertion of false statements in a medical questionnaire relating to his previous injuries sustained.
The trial court found that as the contention involving violations of La. R.S. 23:1208.1 was not properly raised by defendant in discovery, and was not asserted for the first time until the day of trial, counsel for claimant had no notice of the issue and no opportunity to prepare a defense to the claim. Further, the trial court found no prejudice to the employer in this case because claimant listed a prior employment-related back injury on the Second Injury Fund Questionnaire. The trial court noted that the employer's representative testified that he failed to question Ocon about the "back injury," despite the employer's opportunity to do so. The trial court also noted limited education and his limited ability with written English. Based on these considerations, the trial court found that the claimant did not violate La. R.S. 23:1208.1.
With regard to the application of La. R.S. 23:1208, Regency Motors contends that the claimant misrepresented his prior medical history both in his deposition and in the Second Injury Fund Questionnaire he completed at Regency Motors. Specifically, defendant contends claimant failed to divulge an injury he sustained while working at Wal-Mart in 1999. Further, defendant contends that the claimant failed to divulge that he had previously *822 sustained numerous injuries, including injuries in two motor vehicle accidents and other injuries. Defendant also points to Ocon's claim which sought benefits for disabilities related to anxiety and panic attacks, and contends that Ocon failed to divulge that this condition existed prior to his injury at Regency Motors.
The workers' compensation judge found that the claimant did not willfully make material misrepresentations about his prior medical condition to warrant a forfeiture of benefits. Our review of the record supports this conclusion. The record in this case indicates that in the Second Injury Fund Questionnaire completed on November 5, 2003, claimant listed a previous injury to his upper back due to an injury he sustained in an accident in 2002 at Crescent City Toyota. He was not questioned further about this injury by his employer. Claimant testified that he has problems with the English language and that he does not distinguish between upper and lower back injuries.
Although claimant admitted that he suffered injury in a work-related accident at Wal-Mart in 1999, he stated he did not consider that to be a "big injury" because it resolved quickly. Also, he stated that he interpreted the question regarding prior injury sustained to mean the most recent injury, and he therefore did not list each and every injury he sustained which he considered to be insignificant. This response is more in the nature of miscommunication or misunderstanding and does not constitute a willful misrepresentation of his condition. Thus, although we find certain falsehoods and inconsistencies in claimant's statements of his medical history, we fail to find his statements to be deliberately or intentionally false. Under these circumstances, we find no manifest error of the workers' compensation judge in failing to find a forfeiture of benefits is warranted in this case.
Continuation of Benefits
Regency Motors next contends that the trial court erred in finding that Ocon had a continued disability which would entitle him to a continuation of workers' compensation benefits. Specifically, defendant argues that Ocon failed to establish that he suffered more than an injury to his finger in the accident at Regency Motors.
The parties stipulated at trial that Elvis Ocon was involved in a work-related accident while employed at Regency Motors and that he sustained an injury to his left finger as a result of the accident. With regard to claimant's alleged back injury, Ocon testified that his injury occurred when, as a result of back pain, he dropped the tire he was changing and that the tire bounced up and struck his finger. Although defendant disputes this version of the accident as unwitnessed, the evidence in the record reasonably supports Ocon's claim of injury.
Claimant testified at trial that he told his supervisor on the day of the accident that he suffered back pain which caused him to drop the tire and injure his finger. However, he stated that the finger injury presented more of an emergency situation and he first sought medical treatment for that injury. Ocon also testified that he told Dr. Joseph Tamimie on the date of the accident about his back pain, Dr. Tamimie took x-rays of Ocon's finger and returned him to work on light duty status. However, he stated that Dr. Tamimie ignored his complaints of back pain during the first two visits.
On December 8, 2003, Ocon returned to Dr. Tamimie and continued to complain of back pain. On this date, Dr. Tamimie diagnosed claimant with a lumbosacral strain and placed him on no-work status. *823 Ocon then selected Dr. Raul Diaz as his choice of orthopedic physicians, and he first saw Dr. Diaz on January 9, 2004. The claimant saw Dr. Diaz several times each time complaining of back and shoulder pain and on March 5, 2004, Dr. Diaz ordered a MRI of the thoracic spine. On July 9, 2004, Dr. Diaz diagnosed claimant with a thoracic herniation which was aggravated by the work-related accident on November 23, 2003. Dr. Diaz referred Ocon for an evaluation by a neurologist and a psychiatrist, but these were never authorized. Further, Dr. Diaz' bill totaling $696.00 was not paid.
The workers' compensation judge ordered that claimant's indemnity benefits be restored from the date they were terminated until he is medically released to some form of employment status. This ruling may not be reversed absent a finding of manifest error.
With regard to whether Ocon complained of back pain following the accident at Regency Motors, the workers' compensation judge apparently chose to believe the testimony of claimant that he suffered a back injury on that date. The judge apparently rejected the testimony of claimant's supervisor who stated that claimant did not mention back pain. We find the credibility determination made by the workers' compensation judge to be reasonable in light of the record.
Claimant testified that he previously sustained an injury to his back, but that it had resolved and he was able to return to work as a mechanic. There is no dispute that claimant dropped a tire while employed at Regency Motors. He alleges that he also injured his back at this time, and the medical evidence supports such a finding. Although Dr. Tamimie's records from the date of the injury fail to mention back pain, the records show that claimant complained of back pain within two weeks of this injury. Further, Dr. Diaz, in comparing the medical records of Ocon prior to this accident, found that Ocon had aggravated a pre-existing herniated disc in the accident on November 23, 2003.
The discrepancies regarding claimant's medical history causes us some concern. However, based on our review of the record in its entirety, especially in light of the appropriate standard of review, we cannot say the workers' compensation judge was manifestly erroneous or clearly wrong in finding that Ocon proved causation and his entitlement to the continuation of indemnity benefits.
Penalties and Attorneys' Fees
Regency Motors argues that because claimant is not entitled to compensation benefits due to forfeiture or failure to prove causation, he is not entitled to an award of penalties or attorney's fees. Although we found no manifest error in findings of the workers' compensation judge with regard to the forfeiture of benefits and the continuation of indemnity and medical benefits, we find that the judge manifestly erred in awarding claimant penalties and attorney's fees under the facts of this case.
La. R.S. 23:1201(F) governs the imposition of penalties:
F. Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for *824 each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing.
La. R.S. 23:1201(I) governs the imposition of attorney's fees:
I. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims. The provisions as set forth in R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions as set forth in R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
Under Section 23:1201(F), unless reasonably controverted, failure to provide payment in accordance with any of the provisions of Section 1201 shall result in the imposition of penalties within the statutory limits and reasonable attorney fees. Medical benefits shall be paid timely and if not paid and not reasonably controverted, penalties and attorney fees shall result. A claim is reasonably controverted if the employer has sufficient factual and medical information to counter that presented by the claimant. See Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890.
In the present case, the employer commenced paying compensation and medical benefits soon after claimant's work-related injury. However, sometime in 2004, the medical and indemnity benefits were terminated and the employer likewise refused to pay the medical bill of claimant's choice of physicians, Dr. Raul Diaz. The basis in the record for the termination of benefits was the employer's belief that the back injury was not job-related and that the claimant misrepresented his prior medical history. Although we failed to find sufficient evidence that the claimant made material misrepresentations sufficient to forfeit his benefits, we find that the employer had a reasonable basis to controvert Ocon's claim that he suffered a back injury in this accident. His accident was unwitnessed and Dr. Tamimie's reports do not indicate that he immediately reported a back injury. Further, the record indicates that there are certain discrepancies in claimant's accident history. Thus, we find that the imposition of $6,000 in penalties for termination of medical and indemnity benefits was unwarranted.
Finally, we fail to find, under the facts of this particular case, that the claimant was entitled to an award of attorney's fees. The record shows that the employer had a reasonable basis to question the claimant's award of benefits, and we fail to find the employer's actions to be arbitrary and capricious so as to subject them to the imposition of attorney's fees.
Conclusion
Accordingly, we reverse that portion of the workers' compensation judge's judgment assessing penalties and attorney's fees against Regency Motors. In all other respects, the judgment is affirmed. All *825 costs of this appeal are assessed to Regency Motors.
AFFIRMED IN PART; REVERSED IN PART.